CHARLES H. DOUGLASS *vs.* CHARLES F. TRASK.

Kennebec. Opinion January 6, 1885.

*Jury. Instruction. Practice.*

An instruction which authorizes a jury, in determining an issue presented to them, to infer what was the fact from the evidence, " or from such personal knowledge as you may have in relation to matters of this kind," is erroneous.

ON exceptions and motion to set aside the verdict from the superior court.

The opinion states the case.

The verdict was for seventy-two dollars and thirty cents, and the defendant moved to set it aside and alleged exceptions to the instruction recited in the opinion.

*Clay and Clay,* for the plaintiff.

*John H. Potter,* for the defendant.

LIBBEY, J. This is an action for breach of warranty of the soundness of a horse bought by the plaintiff of the defendant, May 1, 1883. The alleged unsoundness was a curb which caused the horse to be lame.

The plaintiff introduced evidence tending to prove, that, on the next day after the purchase, the horse showed some lameness,

and had an enlargement on its hind leg, which proved to be a curb. The defendant contended that the horse was sound at the time of the sale, and introduced evidence tending to prove that it had shown no lameness, and had no enlargement on its leg prior to and at the time of the sale; so that the real issue was, not whether a curb was an unsoundness, but whether the unsoundness existed at the time of the making of the warranty, or came upon the horse afterwards.

This made it material to enquire into the nature and cause of a curb, and the length of time in which the enlargement and lameness would appear, after the injury which caused it was received; and upon this point witnesses, who were experts in such matters, were called by the parties and testified in regard to them.

Upon this point the judge instructed the jury as follows:

"Now, then, upon the evidence of these experts and such explanations as you have had from counsel, what is a curb? You may infer from this evidence, or from such personal knowledge as you may have in relation to matters of this kind, which, in cases of this character you are obviously authorized to apply to the investigation, that such an injury is a result of a sprain or wrench of the ligaments binding the tendon of the joint, or it may be a mechanical injury to the covering, known as the sheath of the tendon around that joint, which results in an enlargement which impairs the free action of the joint, (which has been described to you by the witnesses as being, *primarily*, somewhat soft), and you may infer, therefore, that some deposit has taken place."

This instruction authorized the jury to find the nature, cause, and time of developement of a curb from such personal knowledge as they might have in relation to matters of that kind. We think this was error. The judge may have intended to tell the jury that, in considering the evidence, they might bring to its consideration, in determining the weight to be given to it, such general practical knowledge as they might have upon the subject, which would not transgress the rule of law applicable to the case, but he failed to do so. The subject under consideration was not

one of general knowledge and observation, but one of science, upon which no witness, not specially qualified as an expert, could testify. It does not appear that any juror upon the panel was qualified as an expert to testify or give his opinion upon the subject under consideration; and still each juror may have thought he was, and under the instruction given, may have based his conclusion solely upon what he thought his personal knowledge was, disregarding the evidence submitted by the parties. The verdict thus given would not be "according to the evidence given" them, but according to their own personal knowledge of the subject matter under consideration.

We think the case is clearly within the authority of *State* v. *Bartlett*, 47 Maine, 388, and *Schmidt* v. *N. Y. U. M. F. Ins. Company*, 1 Gray, 529.

It is unnecessary to consider the motion to set aside the verdict.

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH, EMERY and FOSTER, JJ., concurred.