RICHARD DE GRAY ET AL. v. THE NEW YORK AND NEW JERSEY TELEPHONE COMPANY.

Submitted July 5, 1902—Decided November 10, 1902.

1. In the trial of an appeal from an award of commissioners assessing the land of the plaintiff for damages for poles, wires, &c., placed upon it by the defendant, the court instructed the jury as follows: "These are matters which come before you, and you are not bound to adopt the opinions of any witnesses. You may adopt their views so far as reasonable, but you have the right to take into consideration your own experiences as to whether such structures are detrimental to the market value of abutting property. If, in your experience, they are, you will make the compensation accordingly. If, in your experience, they are not, and you are not inclined to adopt the views that have been expressed here to the contrary, your award will be proportionately less"—*Held*, reversible error because—

(*a*) It allowed the jurors to determine the issue upon their own knowledge or experience, founded, it may be, upon facts outside the evidence delivered to them in open court.

(*b*) It permitted the jury to render a verdict which might not be according to the evidence given in the cause, but upon their own personal knowledge of, or experience with, the subject-matter.

(*c*) It made each juror in effect a witness before his co-jurors.

2. To avail a party of a fact known to a juror, he must be sworn and examined as any other witness, so that his evidence, like that of any other witness, may be first scrutinized as to its competency and bearing upon the issue and for the further reason that the court and parties may know upon what evidence the verdict was rendered.

On error to the Passaic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and GARRETSON.

For the plaintiffs, *John B. Humphreys.*

For the defendant, *Eugene Emley.*

The opinion of the court was delivered by

FORT, J.    This was an action to determine the value of lands taken by the defendant in condemnation proceedings.

Commissioners were appointed to assess the damages and an appeal was taken from their award and this issue framed pursuant to statute.

The case was tried before the Circuit Court and a jury and evidence was introduced by both parties on the question of the value of the lands of the plaintiffs taken by the defendant for the placing of its poles, wires, &c.

The writ of error was sued out by the defendant, and the only assignments of error which need to be considered are the following:

"3. That the said court at the said trial charged the jury that they had the right to take into consideration their own experience as to whether such structures (meaning telephone poles, wires, &c.,) were detrimental to the market value of abutting property.

"4. That the said court at the said trial charged the jury that if in the jury's experience such structures were detrimental to the market value of abutting property, they should make compensation accordingly, but if in their experience they were not detrimental, and the jury were not inclined to adopt the views that had been expressed in court by witnesses to the contrary, their award should be proportionately less.

"5. Because the court erred in that part of its charge wherein it left it to each juror to take the unsworn testimony of his co-jurors on the subject of their experience of whether such structures were or were not detrimental to the market value of abutting property."

These three assignments of error are based upon the following extract taken from the charge: "You have heard Mr. De Gray mention the conditions which he thinks will be injurious to his property, not as it now lies as farm land, but injurious to it in what he considers a reasonable prospective use. He says that there is a probable present prospect that this property will come into the market and be available for building sites, and that when it is so placed in the market the presence of this telephone pole—of these wires—together with the right constantly to maintain it and keep it in repair will be a detriment to the property. On the other hand it is urged

for the company that such a telephone line, in our experience, does not work any detriment to property which is occupied as this property is likely to be if it comes into the market for building purposes.   These are matters which come before you, and you are not bound to adopt the opinions of any witnesses.   You may adopt their views so far as reasonable, but you have the right to take into consideration your own experience as to whether such structures are detrimental to the market value of abutting property.   If, in your experience, they are, you will make compensation accordingly.   If, in your experience, they are not, and you are not inclined to adopt the views that have been expressed here to the contrary, your award will be proportionately less, the substantial question being—what is the difference between the present market value of this property with this right in the telephone company and its market value without any such right in the telephone company?   *   *   *   One of these pieces of property lies immediately south of the Wagara road.   You have been there and have seen it.   Three of the poles stand in front of that piece of property, and for that Mr. De Gray and his relatives claim compensation, and you must give to them what you think is a fair award with regard to that property."

We think that all three of the assignments of error are well founded.   The impression given to the jurors by the charge could not have been other than that they were at liberty to accept or reject, to consider or not, as they chose, the evidence taken in the cause.   They were clearly given the right to base a conclusion as to the compensation which they would allow the plaintiffs, not only upon the evidence taken in the cause, but, if not in the whole, at least in part, upon their own experience as to whether the structures to be erected were detrimental to the remaining property of the plaintiff.

The effect of this instruction was to make each juror a witness before his co-juror in the consultation room, and a witness whom the defendant could neither examine nor cross-examine.

How are the parties to know upon what evidence the verdict is founded; whether upon the experience and knowledge

of the jurors or the testimony of the witnesses regularly taken in open court?

A direction to a jury, in a suit for damages done by fire caused by sparks, that "in determining whether the use of a spark-screen on a smokestack would have prevented the fire, they may act on their own judgment, experience and knowledge," instead of confining them to the evidence in the cause, was held error. *Burrows* v. *Delta Transportation Co.,* 106 *Mich.* 582.

In an action for breach of warranty of a horse, the issue being whether the injury the horse was suffering from was the result of a sprain, an instruction to the jury that "you may find from the evidence, or such personal knowledge as you may have in relation to matters of this kind, which in cases of this character you are obviously authorized to apply to the investigation, that such an injury is the result of a sprain," was held erroneous. *Douglass* v. *Trask,* 77 *Me.* 35.

In a condemnation case, where the question was the value of the lands taken, an instruction to the jury that, "in ascertaining the value of the land, * * * they may consider, not only the evidence, but their own knowledge as to the value of the land," was held error. *Gibson* v. *Carreker,* 91 *Ga.* 617.

So, in a case in Minnesota, it was held erroneous for the court to say: "You, gentlemen of the jury, have examined the premises for the purpose of coming to an opinion. You are to use your own examination and judgment, as well as the judgment of the witnesses, in estimating the damages. Some of you are, perhaps, as well qualified to determine that as some of the witnesses who have been called." *Brakken* v. *Minneapolis and St. Louis Railway Co.,* 29 *Minn.* 41, 43.

A late writer on "Instructions to Juries" says: "Although the rule was otherwise at early common law, it is now well settled that a jury must base their verdict upon the evidence delivered to them in open court, and they may not take into consideration facts known to them personally, but outside of the evidence produced before them in court. If a party would avail himself of facts known to a juror, he must have him sworn and examined as other witnesses, so that his evidence,

like that of other witnesses, may be first scrutinized as to its competency and bearing upon the issue, and for the further reason that the court and parties may know upon what evidence the verdict is rendered. Accordingly, it is error to give instructions directing or permitting jurors to apply their own personal knowledge of the facts, or the character of the witness, in determining their verdict. *Blashf. Insl. Jur.*, § 211.

On the general subject here discussed, the following cases are in line with this opinion: *Close* v. *Samm,* 27 Ia. 503, 507; *Anderson* v. *Barnes, Cox* 203; *Schmidt* v. *New York Union Mutual Fire Insurance Co.,* 1 *Gray* 529, 536.

There is a clear distinction between an instruction which permits jurors to use the knowledge and experience which they possess as intelligent men in weighing evidence or testing its credibility and the like and an instruction which permits them to apply their personal knowledge and experience to the determination of the issue in the cause. *Jenny Electric Co.* v. *Branham,* 145 *Ind.* 314.

It is impossible to read the charge in this case without concluding that the jurors were justified in believing that they might, in fixing values, use their own experience, and hence, knowledge, in their determination, and that they were not required to be governed solely, if at all, by the evidence adduced at the trial.

For this error there must be a reversal.