This case was tried before me and resulted in a verdict in favor of the defendant. Application was made for a new trial and argued before me and briefs have been submitted. The basis of the application is a charge of misconduct of a juror during the trial. Testimony adduced on this motion shows that on the trial at about 5 p.m. after adjournment for the day Juror Jackson visited the scene of the accident for the purpose of observation and help in deciding the case. He observed the intersection, visited the corner store, talked with a garage employee after asking for the proprietor, and walked out in front after inquiring of the employee about the accident. The next day after the jury retired to consider its verdict, the juror advised the other jurors of his visit and of what he had observed and concluded. The fact that he went to the scene of the accident is corroborated by the testimony of the operator of the service station.
It is my view that the examination of the locus in quo by a juror in a pending trial for the purpose of observation and obtaining data on which to formulate an opinion is improper, as it furnishes him with facts not proved in the case and he is not subject to cross examination. It seems to me that such conduct of a juror not in conformity with the proper trial of the case is sufficient ground on which to set aside the verdict.
I recognize that there is a well-founded rule that testimony of jurors to impeach their verdict will not be *Page 595 
received; but the exception to this rule is that testimony will be permitted relating to extraneous influences brought to bear upon them. We cannot inquire what effect the acquired knowledge had on the individual juror or his co-jurors when his knowledge has been communicated to them, but in this case we have proof of knowledge acquired by the juror during the trial of the case which was not disclosed in the course of the trial. This would permit the determination of the case on the action of one of the jurors based upon independent knowledge acquired by the juror outside the trial. The use of such knowledge has been held to be improper in this state in the case of De Gray v. New York andNew Jersey Telephone Co., 68 N.J.L. 454. The case of Mattoxv. United States, 146 U.S. 140, deals with the distinction between evidence inadmissible as to motives and influences which affected the deliberations of the jury for the purpose of impeaching or supporting a verdict, and testimony by a juryman as to facts bearing upon questions of the existence of any extraneous influence, although not as to how far that influence operated upon the juror's mind. The court in its opinion in that case at page 148 referring to the exception says: "It would, perhaps, hardly be safe to lay down any general rule upon this subject. Unquestionably such evidence ought always to be received with great caution, but cases might arise in which it would be impossible to refuse them without violating the plainest principles of justice."
It may be that the evidence of the juror as to what he told the other jurors should not be admitted in this proceeding to vitiate the verdict, but it seems to me that the general statement was evidence that he communicated the information he had to the other jurors and should be received on such an inquiry as this. But ignoring this part of the testimony, the action of the juror in doing what he did outside the jury room I think is sufficient to warrant setting aside the verdict.
I have in mind the fact that at any time during the trial a juror with no intention of obtaining outside information *Page 596 
might pass the scene of an accident. This of course is advanced as an argument against considering the evidence in this case on a motion to set aside the verdict, but this is not the case of casually seeing the scene of an accident during the trial; it is a deliberate attempt to obtain information upon which to base a verdict, and the juror having obtained this information and it not having been part of the record of the trial and counsel not being advised of the information he obtained and therefore not being permitted the right to cross-examine him on that information, the conduct of the juror was prejudicial.
The application will be granted and the verdict set aside and a new trial directed.