## FRICK & COMPANY *vs.* DAVIS *et al.*

Where an action of trover and bail was brought to recover personal property, and on the trial the jury found an alternative verdict for a specified amount of money, to be discharged by the delivery of the property within twenty days, and a judgment in like terms was entered up, upon the failure of the defendant to deliver the property within the time prescribed, an execution which commanded the levying officer to make the amount of the verdict and judgment " of the goods and chattels, lands and tenements, of the

defendants (naming them), and especially of" the property sued for, did not fail to follow the judgment so as to authorize it to be quashed, on motion of claimants of the property. While it might be the better practice in such cases to enter up judgment generally against the defendant and specially against the property sued for, yet if this be not done, the law prescribes the effect of the verdict and judgment in regard to the property, and the insertion in the execution of a direction to make the money specially of the property does not constitute a material variance from the judgment.

March 21, 1888,

Trover. Judgments. Executions. Before Judge KIB-BEE. Montgomery superior court. April term, 1887.

Reported in the decision.

A. C. PATE, C. C. SMITH, DeLACY & BISHOP and J. H. LUMPKIN, for plaintiffs.

ROBERTS & SMITH, for defendants.

SIMMONS, Justice.

It appears from the record in this case that Frick & Co. filed a suit of bail and trover against Davis *et al.*, in the superior court of Montgomery county, to recover a certain steam engine and saw-mill and other property levied upon. M. B. Adams & Co. filed a claim to the property levied upon. On the trial of the action of trover, Frick & Co. recovered a verdict, as follows:

"We, the jury, find for the plaintiff $2,700, and $500 per annum hire, to be executed by the delivery of the property in dispute twenty days after date.

"May 2, 1884.            (Signed) CARTER, Foreman."

Upon that verdict, the following judgment was entered up:

"Whereupon it is adjudged by the court that the plaintiffs recover of the defendants, George W. Davis, Berrien Davis, E. L. Davis and I. J. Davis, the sum of $2,700, and the further sum of $1,000, for the hire of the property, and $90 costs of suit; which said amount of

money may be discharged by the delivery of the property in contro-
versy to the plaintiffs within twenty days from this date. May 2,
1884."

Upon that judgment execution was issued on the 26th
of August, 1884, and levied upon property set out in the
declaration, which was claimed by Adams & Co. Upon
the trial of the claim case, the declaration in trover, the
affidavit for bail, and the verdict, judgment and execution,
were tendered in evidence by the plaintiffs in *fi. fa.* The
execution was objected to by the claimants on the ground
that it did not follow the judgment, and a motion was made
to quash it for this reason. The court granted the motion
and passed an order quashing the execution because it did
not follow the judgment; to which order the plaintiffs
excepted.

Was the judgment of the court quashing the execution
right? The execution, after reciting the fact that Frick
& Co. had recovered the $2,700 principal and $1,000 for
hire, which was to be discharged upon the delivery of the
property described, and after reciting that the twenty days
had expired and that the property had not been delivered
in accordance with the verdict, goes on to say:

"Now, therefore, we command you that of the goods and chattels,
lands and tenements, of the defendants (naming them), and especially
of the aforesaid 125 horse power Eclipse engine, one No. 2 saw-mill,
complete, etc., you make or cause to be made said sum of $2,700
principal, and $1,000 for the hire and costs";

and concludes in the usual form of executions. The court
below held that, as nothing was said in the judgment as to
its being a special lien upon this particular property, the
clerk had no right to insert in the execution the words
above quoted; and having so inserted them, the execution
did not follow the judgment, and was therefore illegal and
must be quashed. We concede that executions ordinarily
must follow the judgments upon which they are predicated.
The code requires it in ordinary judgments; but we think
that in judgments arising in cases of bail trover, the gen-
eral rule does not apply, and that the code has made a

different rule for issuing executions upon judgments thus obtained. The code, §3585, in treating of the effect of judgments in trover and trespass says: " When a verdict for damages shall be rendered in favor of a plaintiff in trover or trespass, and a judgment signed thereon, the said verdict and judgment shall not have the effect to change the property which is the subject-matter of the suit, or to vest the same in the defendant in said suit, until after the damages and costs recovered by the plaintiff in such action are paid off and discharged, except so far as to subject such property to be sold under and by virtue of an excution issuing from such judgment in such action of trespass or trover, and to make the same liable to the payment of the damages and costs recovered in said action, in preference to any other judgment, order or decree, against the said defendant in said action of trespass or trover." *

In this case there was a verdict for damages, and upon that verdict a judgment was entered up. The law does not require, in cases of trover, that a special judgment shall be entered up against the particular property, but it does say that the verdict for damages and the judgment thereon shall not have the effect to change the property or to vest the title in the defendant until the damages and costs are paid off and discharged. The fact of a verdict and judgment for damages instead of a verdict for the property itself, does not put the title in the defendant. It does not become his property upon the rendition of such a verdict and judgment, only so far as to subject the property to be sold under and by virtue of an execution issuing from such judgment, and to make the same liable for, the payment of the damages recovered in said action in preference to any other judgment. In other words, the effect of a verdict and judgment for damages in a trover case is to create a prior lien upon the property sued for, and to subject that particular property to levy and sale under an execution issued upon that judgment. That is

*See also code, §3079. (Rep.)

the plain meaning of this section of the code. If that be true, then this property described in the declaration and in this execution was subject to this judgment, and the clerk was right in issuing the execution as he did, not only against the goods and chattels, lands and tenements, of the defendants, but specially against the property described in the declaration. While perhaps it would be the better practice to enter up judgments in cases of this sort generally against the defendant and specially against the property sued for, yet we do not think it was error in the clerk to issue this execution generally against the defendants and specially against the property sued for, as the section of the code above cited declares that that property shall be sold under an execution issued on the judgment. The code says, in substance, that this property shall be sold under an execution issued on the judgment. The law commands it. It was therefore right and proper for the clerk to insert in the execution the words complained of, commanding the sheriff specially to levy upon the property described. This being true, the court erred in quashing the execution.

Judgment reversed.