GIBSON *v.* CARREKER, administrator.

91  617
118  615,

1. One who is bound by an ordinary bond for titles to convey real estate to the obligee commits a breach by conveying the premises without right or justification to any other person, thus at least creating a cloud upon the title, and thereby putting it out of his power to comply with the bond according to its true meaning and intent. In such case, if the person to whom the conveyance is made, or any one to whom he has conveyed, claims title under the wrongful deed as against the holder of the bond (the latter not being in possession of the premises), it is immaterial, on the question of breach, whether the grantee in the wrongful deed, or a subsequent purchaser claiming under him, took with notice of the bond for titles or not.

2. It was error to charge the jury that in ascertaining the value of the land at the time of the breach, they might consider not only the evidence, but their own knowledge as to the value of land in the country. But inasmuch as the verdict, tested by the evidence alone, was not more than it should have been, this erroneous charge is not cause for a new trial.

3. There was no error in denying a new trial.

April 24, 1893. Argued at the last term.

Before Judge MILLER. Talbot superior court. September term, 1891.

At the last trial, September 23, 1891, the jury found for the plaintiff $1,674.75, less $47.85. The facts material to the rulings here made will be understood by reading the decision in connection with the opinion rendered when the case was formerly before the Supreme Court. 82 *Ga.* 48.

J. M. MATHEWS, WILLIS & PERSONS and C. J. THORNTON, for plaintiff in error.

PEABODY, BRANNON & HATCHER, J. H. MARTIN and J. H. WORRILL, *contra.*

LUMPKIN, Justice.

When this case was before this court at the October term, 1888 (82 *Ga.* 46), it appeared from the evidence that the $187.15 due by Mrs. Wimberly to Gibson as the balance of the purchase money of the "Jones" land,

was paid after her death by her husband from the proceeds of a crop made on the land by the labor of himself and his minor children; and it was accordingly held, that in an equitable suit against Gibson for a breach of his bond to convey this land to Mrs. Wimberly, her administrator could recover only in proportion to the amount of purchase money which had been paid by her. It appeared on the last trial that this balance of the purchase money, having been reduced to judgment in favor of Gibson, was settled by Mrs. Wimberly herself by turning over to him a rent note of one Spencer Daniels for six bales of cotton, which Daniels afterwards paid to Gibson, who gave a receipt in payment of the execution issued on the judgment.

1. It is quite certain, therefore, that Gibson was bound by his bond to convey the "Jones" land to the legal representative of Mrs. Wimberly, she having paid the purchase money in full; and he is accordingly liable for whatever damages may have been occasioned her estate by a breach of the bond which relates to this land. Under the particular facts of this case, we also think Gibson is liable to the administrator for a breach of the bond relating to the "Johnson" land, but as ruled in the case when it was here before, the measure of damages is the value of the land at the time of the breach, with interest, less the $30.00 which had been advanced by Gibson to Mrs. Wimberly in her lifetime, and which she had not repaid. Ordinarily, Gibson would not have been bound under this bond to convey the land to the estate of Mrs. Wimberly until the $30.00 had been repaid to him, but having, without any authority so to do, sold the land to A. P. Wimberly as a purchaser in his own right, Gibson thus put it beyond his power to comply with the obligations of the bond, even had the $30.00 been duly tendered him by the administrator of Mrs. Wimberly. Under these circumstances, we think

that, in equity, Gibson is bound to account to Mrs. Wimberly's estate for the value of her interest in this land, which would be the full value of the land less the $30.00 which she received and of which she had the benefit.   Having by his own voluntary and unauthorized act placed himself in a position where he could not specifically perform his contract, he would have no right to insist upon a tender or payment of the $30.00 as a condition precedent to a recovery by Mrs. Wimberly, if in life, or by her representative, she being dead.   He has converted and disposed of the entire tract of land, and the exact equity and justice of this branch of the case, as between himself and Mrs. Wimberly's estate, is as above indicated.

As applicable to both branches of the case, we think there can be no doubt that Gibson committed a breach of his bonds to Mrs. Wimberly when, without any apparent right or justification, he conveyed the lands in question to Mr. Wimberly.   Gibson being the holder of the legal title, and the representative of Mrs. Wimberly not being, as such, in possession of the land, Gibson's conveyance to Wimberly certainly created a cloud upon the title, so far as the estate of Mrs. Wimberly was concerned.   Gibson undertook by the bonds to convey to her a clear and unencumbered title to the land upon her compliance with her undertakings to him.   This is certainly the true intent and meaning of his contracts. Mrs. Wimberly did not stipulate for a lawsuit, and it would have been no compliance by Gibson with the obligations of his bonds for him to convey the lands to her under such circumstances as would render legal proceedings on her part necessary to secure her rights. Such proceedings would become necessary if Gibson's grantee, or any one to whom the latter may have conveyed the premises, claimed and asserted title thereto under the deed which Gibson in the first instance had wrongfully

made. It follows that there would be none the less a breach of the bonds on the part of Gibson even if, as matter of law, Mrs. Wimberly might have been able to recover the lands from the grantee in the wrongful deed, or a subsequent purchaser claiming under him, and consequently it is immaterial whether such grantee, or the subsequent purchaser, took with notice of the bonds for title or not. By suing for damages resulting from a breach of the bonds, Mrs. Wimberly's administrator of course relinquishes all claim to the lands themselves, and certainly Gibson should not complain if he is held liable for only the true value of the same. If he sold the lands for less than their value, the loss thus brought upon him was due solely to his violation of his contract.

2. It was certainly error to charge the jury that, in ascertaining the value of the lands at the time of the breach of the bonds, they might consider not only the evidence, but their own knowledge as to the value of land in the country. Juries should decide questions of fact according to the evidence introduced before them, and their personal knowledge certainly cannot constitute a part of the evidence. This is so obvious that we deem a further discussion of this subject unnecessary.

We do not think, however, that the error thus committed affords sufficient reason for granting a new trial in the present case. The verdict, in the light of the evidence, was certainly not for a greater amount than it ought to have been. Upon a very careful examination and consideration of all the testimony bearing upon this question, we are satisfied the recovery was not too large, and there is no probability that another jury would or should reduce the amount. Upon the whole, the verdict seems fair and just, and no reason appears for granting a new trial.         *Judgment affirmed.*