## BAKER *v.* RICHMOND CITY MILL WORKS.

|105|225|
|106|518|

|105|225|
|122|552|
|123|802|
|123|820|

|105|225|
|125|483|

|105|225|
|f127|785|

|105|225|
|f129|733|

1. Jurors in passing upon the testimony of an expert witness, as to the value of professional services, are not absolutely bound by his opinion, but may exercise their own judgment on the subject, taking into consideration the nature of the services, the time required to perform them, and all the attending circumstances.

2. Accordingly, where an attorney at law was the only witness as to the value of certain services rendered by himself, and testified that they were, in his opinion, worth a stated amount, the jury, had the matter been submitted to them, would not have been constrained to accept this opinion as absolutely correct, but might have found that the services in question were of a different value. This being so, it was error for the court to direct a finding to the effect that these services were worth the amount stated by the witness.

Argued June 15,—Decided July 25, 1898.

Complaint on note. Before Judge Fite. Bartow superior court. September 6, 1897.

*J. M. Neel* and *R. W. Murphey,* for plaintiff in error.
*John W. Akin,* contra.

LUMPKIN, P. J. In the present case, which was an action upon a promissory note stipulating for the payment of "reasonable attorney's fees," the court directed a verdict in favor of the plaintiff for stated sums, as principal, interest, and attorney's fees. As the maker of the note contracted to pay "reasonable"

attorney's fees, it was incumbent upon the plaintiff to show by evidence what was a proper amount to be allowed for the same. This it undertook to do by introducing as a witness its own attorney, who testified that his services in the case were worth $250.00, the amount which the court directed the jury to find for the same. The defendant moved for a new trial. Some of the grounds of the motion relate to the refusal of the court to grant a continuance. These need not be considered, as a new trial is ordered because, in our opinion, the trial court erred in directing a verdict. The theory of the defendant in error is, that inasmuch as the only evidence bearing upon the question of attorney's fees was the sworn opinion of an expert that they were worth so much, the jury would have been bound to find this amount, and could not lawfully have found that the services were of a different value. In this view we can not concur.

After stating, in general terms, that a witness acquainted with the value of a thing, the value of which is in dispute, may give an opinion upon that subject, Judge Thompson says: "This rule is subject to the qualification that the opinions of witnesses as to value are not binding upon the jury, but persuasive merely. If they are of a different opinion, they may find according to their own opinion." 1 Thomp. Trials, § 380, p. 342. "Lawyers, physicians, nurses, artists, and authors, as well as persons in other walks in life, have been allowed to testify as experts as to the value of services rendered by those of their own profession or occupation. Such testimony is, however, not conclusive upon the jury, but merely advisory." 2 Jones on Ev. § 389, p. 862. The rule above announced is accentuated where the expert witness testifies as to the value of his own services. Thus, in Moore *v.* Ellis, 89 Wis. 109, it was held: "A jury is not bound to credit the testimony of a party on his own behalf as to the amount and value of services rendered by him, even when he is not contradicted by any other witness." In Anthony *v.* Stinson, 4 Kans. 211, which involved a controversy as to the compensation to be allowed for services rendered by attorneys, the trial judge instructed the jury that the testimony of certain lawyers as to the value of these services was the guide for the jury, and that they must take the testi-

mony of the witnesses and be governed thereby. This instruction was held to be erroneous. Said Bailey, J., (page 221): "The testimony of *experts* or professional witnesses is often very important, and justly entitled to great weight in a cause; but it must have its legitimate influence by enlightening, convincing, and governing the judgment of the jury, and must be of such a character as to outweigh, by its intrinsic force and probability, all conflicting testimony. The jury can not be required by the court to accept, as matter of law, the *conclusions* of the witnesses instead of their own." In *Choice's* case, 31 *Ga.* 425, it was said: "The opinions of experts is competent testimony; and when the experience, honesty, and impartiality of the witnesses are undoubted, their testimony is entitled to great weight and consideration. Not that it is so authoritative that the jury are bound to be governed by it. It is intended to aid them in coming to a correct conclusion in the case." It is true that the expert testimony there referred to related to a question of insanity; but the rule laid down is applicable to any kind of expert testimony which consists merely of opinions entertained by the witnesses. In 22 American Law Register, page 336, in an article prepared by John D. Lawson, Esq., he remarks: "The opinions of attorneys, testifying as to the value of lawyers' services, however, are not conclusive upon the jury, who may act independently or in opposition to them, applying to the case their own experience and knowledge of the character of the services. . . . It is therefore error to instruct the jury, what is the proper compensation is to be determined from the professional evidence, and not from their own knowledge or ideas on the subject," citing Head *v.* Hargrave, 105 U. S. 45. In that case it held: "In an action for legal services, the opinions of attorneys as to their value are not to preclude the jury from exercising their 'own knowledge and ideas' on the subject. It is their province to weigh the opinions by reference to the nature of the services rendered, the time occupied in their performance, and other attending circumstances, and by applying to them their own experience and knowledge of the character of such services. The judgment of a witness is not, as matter of law, to be accepted by the jury in place of their own." The reasoning of

Mr. Justice Field in support of the doctrine above laid down is not only satisfactory but convincing.

*Judgment reversed.   All the Justices concurring.*