## McCARTHY *et al. v.* LAZARUS, administrator.

FISH, C. J. 1. This was an action of ejectment. The defendant claimed title only under an alleged contract between the plaintiff's intestate and the defendant, whereby the premises became the property of the defendant in consideration of the defendant's services in nursing and caring for the intestate during her last illness. The evidence was wholly insufficient to show that such a contract was made; and therefore the court did not err in directing a verdict in behalf of the plaintiff for the recovery of the premises.

2. According to the rulings of this court, jurors are not absolutely bound by the opinion of witnesses as to the rental value of the premises for the recovery of which an action is brought, though there be no variance as to such value in the opinion of the different witnesses. *Martin* v. *Martin,* 135 *Ga.* 162 (68 S. E. 1095), and cases cited. The trial judge therefore erred in directing a verdict for mesne profits in accordance with the opinion of witnesses as to the rental value of the premises.

3. The judgment is affirmed as to the direction of a verdict for the recovery of the premises; but a new trial is ordered on the sole question as to mesne profits, with direction that the issue as to mesne profits alone be submitted to a jury on another trial.

*Judgment affirmed in part, and reversed in part. All the Justices concur, except Hill, J., not presiding.*

DECEMBER 15, 1911.

Ejectment. Before Judge Felton. Bibb superior court. December 19, 1910.

*F. R. Martin* and *S. B. Hunter,* for plaintiffs in error.

*C. A. Glawson* and *L. D. Moore,* contra.

---

## GOODIN *v.* MILLS.

FISH, C. J. It appearing that the date of the certificate of the judge to the bill of exceptions is December 24, 1910, and the date of the filing of the bill of exceptions in the office of the clerk of the trial court is January 16, 1911, the writ of error must be dismissed, because the bill of exceptions was not filed in the clerk's office within fifteen days from the date of the judge's certificate, as required by Civil Code, § 6167. *Norris* v. *Baker County,* 135 *Ga.* 229 (2), (69 S. E. 106).

*Writ of error dismissed. All the Justices concur, except Hill, J., not presiding.*

DECEMBER 15, 1911.

Habeas corpus; from Crawford.

*R. S. Wimberly,* for plaintiff in error.