DECIDED JANUARY 20, 1921.

Certiorari; from Macon superior court — Judge Littlejohn. July 6, 1920.

*Jere M. Moore, Shipp & Sheppard, J. J. Bull & Son,* for plaintiffs in error.

*John B. Guerry,* contra.

---

### 11782. HINES, director-general, v. MIZELL.

HILL, J. 1. The plaintiff's case was clearly and distinctly set forth in the cause of action attached to the summons, which fully informed the defendant of the plaintiff's demands. While there was some slight ambiguity in the pleadings, the cause of action attached to the summons showed that it was an action ex contractu and not ex delicto.

2. While the question of the value of an article is peculiarly for the jury, and the opinion of witnesses is not absolutely binding on that body, yet there must be some evidence, direct or circumstantial, to support their finding. In this case the verdict exceeded the highest valuation that could possibly be deduced from the evidence, by the sum of $9.96. The judgment is therefore affirmed on condition that the defendant in error write off this amount from the face of the verdict, within ten days from the date the remittitur is filed in the court below; otherwise the judgment will be reversed and a new trial had.

Judgment affirmed, on condition. Jenkins, P. J., and Stephens, J., concur.

DECIDED JANUARY 20, 1921.

Appeal; from Camden superior court — Judge Graham presiding. July 21, 1920.

On the grounds (1) that the suit " was commenced by petition to the justice's court and not by a summons with a copy of plaintiff's demand attached thereto as required by law, " and (2) that the pleadings showed that the suit was an action ex delicto and not within the jurisdiction of the justice's court, and therefore not within the jurisdiction of the superior court on appeal, a demurrer was filed in the superior court, to which the case had been appealed. The demurrer was overruled, and error was assigned on this ruling. From the record it appears that the suit was commenced by a summons directing the defendant Walker D. Hines, as Director-General of Railroads, to appear at the justice's court " to answer the complaint of S. G. Mizell, in a plea of debt by action for damages to personal property for eighty-five and 44/100 dollars, a copy of which is hereto attached. " Attached to the summons was a petition to the justice's court, as follows:

" The petition of S. G. Mizell shows as follows: That Walker D. Hines is Director-General of Railroads of the United States, and that as such Director-General he operates and controls the Seaboard Air-Line Railway Company, a railroad corporation which has a line of track and an agent and office for the transaction of business, and operates trains in and through said State, county, and militia district.

" Said Walker D. Hines, as Director-General aforesaid, has injured and damaged your petitioner in the sum of $85.44, arising and issuing out of the following state of facts:

" On July 31st, 1918, your petitioner delivered to said Seaboard Air-Line Railway Company at Colesburg, Ga., in said State and county, seven hundred and twelve pounds of deer tongue, which was consigned to S. B. Penick & Co., Asheville, N. C., and which said Seaboard Air-Line Railway Company thereby undertook to safely deliver. Said deer tongue was of the value of 12¢ per pound, and at the time of the delivery of same to said Seaboard Air-Line Railway Company, your petitioner was and has continued to be and still is the true and lawful owner thereof.

" Your petitioner further shows that notwithstanding the delivery of said deer tongue to said Seaboard Air-Line Railway Company, and its consequent agreement to safely deliver same to the consignee, the said Seaboard Air-Line Railway Company has failed

to deliver the said 712 pounds of deer tongue, to the loss and damage of your petitioner in the sum first above named.

" Your petitioner is a resident of the district in which this suit is brought, and same is thus brought in compliance with General Order No. 18 of the Director-General of Railroads.

" This action is brought against the initial carrier under the provisions of the Carmack amendment to the Hepburn act, regulating interstate commerce.

" Your petitioner shows that he is unable to attach a copy of the bill of lading for the above-stated shipment, for the reason that when said shipment was delivered to said Seaboard Air-Line Railway Company at Colesburg, its agent failed and has never issued a bill of lading therefor, and, although called on by your petitioner to do so, yet has refused to do so, in violation of the aforementioned Carmack and Cummins amendments to the act regulating interstate commerce.

" Wherefore he prays the judgment of the court accordingly. "

*Bolling Whitfield, S. C. Townsend,* for plaintiff in error.

*Cowart & Vocelle,* contra.