### 20089. JEFFERSON *v.* KENNEDY.

BELL, J. 1. The evidence authorized the inference that after the expiration of the lease for 1926 the defendant was a tenant at sufferance, and occupied the premises as such during the year 1927. *Willis* v. *Harrell,* 118 *Ga.* 906 (3, 4) (45 S. E. 794):

2. A tenant at sufferance is liable for the reasonable rental value of the premises, irrespective of the amount contracted to be paid during a previous term. *Stanley* v. *Stembridge,* 140 *Ga.* 750 (5) (79 S. E. 842); 36 C. J. 350.

3. Questions of value are peculiarly for the determination of the jury, where there are any data in the evidence upon which the jury may legitimately exercise their "own knowledge and ideas." *Baker* v. *Richmond City Mill Works,* 105 *Ga.* 225 (2) (31 S. E. 426); *Sweat* v. *Sweat,* 123 *Ga.* 801 (51 S. E. 716); *Georgia Ry. &c. Co.* v. *Tompkins,* 138 *Ga.* 596 (8) (75 S. E. 664); *Maynard* v. *American Ry. Express Co.,* 29 *Ga. App.* 329 (2) (115 S. E. 35); *Kraft* v. *Rowland,* 33 *Ga. App.* 806 (5) (128 S. E. 812).

4. In the instant case the quantity of the land and its rental value, as well as the value of the improvements placed thereon by the defendant, were all questions to be determined by the jury under the evidence, and their findings thereon can not be disturbed by this court.

5. The trial judge was authorized to infer that the alleged newly discovered evidence could have been produced before the trial, by the exercise of ordinary diligence.

6. The verdict for the plaintiff was authorized, and the court did not err in refusing a new trial upon any ground taken.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
DECIDED JULY 19, 1930.

*A. S. Way,* for plaintiff in error.