### 23052. McLENDON *v.* CITY OF LAGRANGE.

BROYLES, C. J. 1. "Where in a civil case the undisputed testimony clearly establishes a particular fact, it is not error for the judge, in his charge to the jury, to assume or indicate that the fact has been proved. To do so is not a violation of section 4863 of the Civil Code of 1910." *Watkins* v. *Stulb,* 23 *Ga. App.* 181 (4) (98 S. E. 94), and cit. Applying this ruling to the facts of the instant case, there is no merit in the ground of the motion for a new trial complaining of an excerpt from the charge of the court.

2. "In a ground of a motion for a new trial, complaining of the illegal admission of evidence, it must appear that the evidence was material *and prejudicial to the movant, and how it was hurtful to him.*" (Italics ours.) *Davis* v. *McKenzie Motor Co.,* 46 *Ga. App.* 151 (156 S. E. 869), and cit. Under the foregoing ruling and the facts of the instant case,

special ground 2 of the motion for a new trial raises no question for the consideration of this court.

3. Jurors are not absolutely bound to accept as correct the opinions or estimates of witnesses as to the value of property, *though uncontradicted by other testimony,* but have the right to consider the nature of the property involved, together with any other fact or circumstance properly within their knowledge, throwing light upon the question, and they may, by their verdict, fix either a lower or a higher value upon the property than that stated in the opinions or estimates of the witnesses. *Georgia Northern Ry. Co.* v. *Battle,* 22 *Ga. App.* 665, 666 (97 S. E. 94), and cit. See also *Baker* v. *Richmond City Mill Works,* 105 *Ga.* 225 (31 S. E. 426); *McCarthy* v. *Lazarus,* 137 *Ga.* 282 (2) (73 S. E. 493). Applying the foregoing ruling to the facts of the case at bar, this court can not hold that the verdict was unauthorized by any evidence.

Judgment affirmed.  MacIntyre and Guerry, JJ., concur.

DECIDED OCTOBER 6, 1933.

*J. R. Terrell Jr., E. T. Moon,* for plaintiff in error.
*Lovejoy & Mayer,* contra.