27892. NATIONAL BEN FRANKLIN FIRE INSURANCE COMPANY *v.* PURVIS.

DECIDED FEBRUARY 15, 1940.

*Jackson & Darby, Conyers, Gowen & Conyers,* for plaintiff in error.

*Sharpe & Graham,* contra.

FELTON, J. J. B. Purvis sued National Ben Franklin Fire Insurance Company on a policy of fire insurance. The policy covered a dwelling in an amount not to exceed $700. The company admitted the issuance of the policy and the destruction of the insured property, but defended on the ground that the plaintiff, his brother, and another had conspired to burn the building insured and did burn it. At the conclusion of the evidence the court directed a verdict for the plaintiff for the full amount sued for, and to the order overruling the motion for new trial the company excepted.

1. The court erred in directing a verdict for the plaintiff for the face value of the policy, plus interest. "Direct testimony of market value is in the nature of opinion evidence." Code, § 38-1709. In the present case there was testimony that would have authorized the jury to find that the dwelling insured was worth anywhere from $500 to $1200. The insured testified that the house was worth around $1000 to $1200. He further testified that there were 5.95 acres of land with the house, on which 1033 pounds of lint cotton were made the previous year. W. O. Davis testified that he was a banker and that in 1935 or 1936 he made a loan to the insured for $500, which he considered to be fifty per cent. of the value, and that if he could have bought the house for $500 he would have considered it a good buy. D. J. Barfield testified that the insured tried to sell him the land and the house for $700. The jury would not be bound to take any of the valuations placed on the property by any of the witnesses. It is peculiarly within the province of the jury to determine market value. *Georgia Northern Ry. Co.* v. *Battle,* 22 *Ga. App.* 665 (97 S. E. 94) ; *Westberry* v. *Hand,* 19 *Ga. App.* 529 (91 S. E. 930). The court erred in not submitting to the jury the question of the value of the house.

2. The second ground of the amended motion for new trial complains of error in not permitting one Joe Day to testify as to whether or not Brantley Purvis, the brother of the insured, told Day that he was in front of the insured house before the fire. This testimony was properly excluded. In the answer of the company Brantley Purvis was named as a co-conspirator with his brother, the insured. At the time this testimony was offered, no conspiracy had been proved. The rule is stated in Code, § 38-306: "After the fact of conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." It is doubtful that the evidence would have had any probative value, but assuming that it did, the objection that it was a statement made after the burning was well taken. *Wall* v. *State,* 153 *Ga.* 309 (112 S. E. 142); *Tanner* v. *State,* 161 *Ga.* 193 (130 S. E. 64).

3. The third ground of the amended motion complains of the exclusion of the testimony of one Knight that would have tended to implicate Brantley Purvis with the burning of the house. This testimony was properly excluded, since the mere fact that Brantley Purvis was a brother of the insured would not be a sufficient connection to render the testimony material on the issue as to conspiracy between the insured, Brantley Purvis, and Knight.

4. The court properly excluded from evidence an indictment against the insured, Brantley Purvis, and Knight, which was offered to illustrate a conversation between the insured and Knight, where the insured had allegedly said, "It is up to you which way it goes. If you turn State's evidence we will all go to the chain-gang, and if you don't turn State's evidence, we will all come clear." This testimony would have been highly prejudicial to the insured, and the introduction of the indictment, even if solely for the purpose of illustrating the above testimony, would have been of no probative value on any of the issues. It would be only a surmise to say that the quoted conversation was with reference to the burning of the house.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*