31110.   CHALKER *v.* RALEY.

Decided February 2, 1946.

*L. E. Heath, Stevens & Stevens, J. Benton Evans, Casey Thigpen,* for plaintiff.

*J. Roy McCracken,* for defendant.

GARDNER, J. The only question argued here is, is the verdict of the jury authorized under the law and evidence. While we have set forth the testimony as contained in the special ground, we do not agree that such is the only evidence which the jury were authorized to consider in fixing the amount of their verdict. It is our opinion that the jury, in arriving at the verdict, were authorized to take into consideration all the facts and circumstances relating to the killing of the dog, and were not confined merely to the conclusions of the witnesses who testified on the subject. Indeed, in a case of this nature, the jury were not confined to what either the plaintiff or the defendant testified. In arriving at the value of the dog, they were authorized to consider his vicious character and other qualities, and reach their own conclusions as to a correct value. Counsel for the plaintiff in error cite and rely on only one case, *Jefferson* v. *Kennedy,* 41 *Ga. App.* 672 (3) (154 S. E. 378), in which the court said: "Questions of value are peculiarly for the determination of the jury, where there are any data in the evidence upon which the jury may legitimately exercise their 'own knowledge and ideas.' *Baker* v. *Richmond City Mill Works,* 105 *Ga.* 225 (2) (31 S. E. 426); *Sweat* v. *Sweat,* 123 *Ga.* 801 (8) (51 S. E. 716); *Georgia Ry. &c. Co.* v. *Tompkins,* 138 *Ga.* 596 (75 S. E. 664); *Maynard* v. *American Railway Express Co.,* 29 *Ga. App.* 329 (2) (115 S. E. 35); *Kraft* v. *Rowland,* 33 *Ga. App.* 806 (5) (128 S. E. 812)."

This is the only case which the plaintiff in error particularly calls to the attention of the court. In addition, we call attention to the citations therein and particularly to *Maynard* v. *American Railway Express Co.,* 29 *Ga. App.* 329 (2) (115 S. E. 35).

Counsel for the defendant in error cite *Martin* v. *Martin,* 135 *Ga.* 162 (68 S. E. 1095), *Maynard* v. *American Ry. Express Co.,* supra, and *Baker* v. *Richmond City Mill Works,* supra. There are many other decisions pertaining to the principle here involved, among them *Johnson* v. *Stevens,* 19 *Ga. App.* 192 (2) (91 S. E. 220), which reads as follows: "Jurors are not absolutely bound by

opinion testimony as to the value of property sued for, although such testimony may not be contradicted by any other evidence in the case." Jurors are not bound to accept as correct the opinion of a witness as to value. They may place a lower value upon the property than the witnesses state. *Georgia Northern Railway Co.* v. *Battle, 22 Ga. App.* 665 (97 S. E. 94). Although the testimony as to value is uncontradicted, the jury may consider the nature of the property involved, along with the facts and circumstances throwing light on the question. *Birmingham Paper Company* v. *Holder, 24 Ga. App.* 630 (101 S. E. 692). See also *Widincamp* v. *McCall, 25 Ga. App.* 733 (104 S. E. 642); *Hines* v. *Mizell, 26 Ga. App.* 151 (105 S. E. 736); *McLendon* v. *LaGrange, 47 Ga. App.* 690 (171 S. E. 307). We therefore hold that under the facts of this case and in view of the facts and circumstances as to the quality of the dog in question, sufficient data was afforded from which the jury could determine the value of the dog notwithstanding the testimony of the plaintiff. The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*