33428. WATSON *v.* TOMPKINS CHEVROLET COMPANY.

FELTON, J. 1. In a trover action, where the plaintiff elects to take a verdict for the damages, the value of the property is the measure of the damages. *Citizens' Bank* v. *Mullis,* 161 *Ga.* 371 (1) (131 S. E. 44); *Park* v. *Swann,* 20 *Ga. App.* 39 (3) (92 S. E. 398).

2. In absence of a special demurrer, a petition in trover will not be dismissed for failure to allege the value of the article alleged to have been converted. *Gatlin* v. *Matthews & Co.,* 16 *Ga. App.* 645 (2) (85 S. E. 953). The failure to allege the value of the article sought to be recovered by trover would preclude the plaintiff from the exercise of his option to elect an alternative verdict in damages if insisted upon by the defendant, but in the instant case evidence as to the value of the truck was introduced unobjected to by the defendant, and such cured any deficiency in the petition as to the value of the truck.

3. "Direct testimony as to market value is in the nature of opinion evidence." Code, § 38-1709. In nearly all cases questions as to the value of property are jury questions. Opinion testimony as to the value of property sued for is not absolutely binding on jurors although such testimony may not be contradicted by any other evidence in the case. *Johnson* v. *Stevens,* 19 *Ga. App.* 192 (2) (91 S. E. 220); *Westberry* v. *Hand,* 19 *Ga. App.* 529 (2b) (91 S. E. 930); *Bonds* v. *Brown,* 133 *Ga.* 451 (2) (66 S. E. 156); *McCarthy* v. *Lazarus,* 137 *Ga.* 282 (2) (73 S. E. 493); *McLendon* v. *City of LaGrange,* 47 *Ga. App.* 690 (3) (171 S. E. 307); *Central of Ga. Ry. Co.* v. *Cowart & Son,* 38 *Ga. App.* 426 (2) (144 S. E. 213); *National Ben Franklin Fire Ins. Co.* v. *Purvis,* 61 *Ga. App.* 674 (7 S. E. 2d, 296). Thus the court erred in not submitting to the jury the question as to the value of the truck sued for.

The court erred in directing a verdict for the plaintiff.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*

DECIDED MARCH 2, 1951.

*Stone & Stone,* for plaintiff in error.
*A. H. Gray,* contra.