33866. SAMMONS *v.* COPELAND.

DECIDED FEBRUARY 19, 1952.

*Stonewall H. Dyer, Victor K. Meador, H. C. Schroeder,* for plaintiff.

*L. C. Hames Jr.,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.)  1. The first special ground contends that the verdict for $686.10 is not supported by the evidence; that the court having charged the

jury to find, in any event, in favor of the plaintiff $586.10, being the amount which the plaintiff paid the bank to prevent the foreclosure of the lien held by it against the truck, and which the plaintiff was forced to pay in order to protect his subordinate lien, and the jury having returned a verdict for $686.10, which was $100 more than the amount the court directed the jury to find in favor of the plaintiff in any event—the jury necessarily found in favor of the $1000 retention-of-title contract and note. It is further contended that the jury, having thus returned a verdict for more than the sum of $586.10, necessarily found against the defendant's equitable plea, for which reason the verdict for $686.10 is not supported by any evidence, because the highest proved value of the items of personal property, levied upon and covered by the two instruments executed by the partnership to the plaintiff, which were in the undisputed possession of the defendant, was shown by the evidence to be a minimum of $835, and that the plaintiff is entitled to recover the highest proved value between the date of conversion and the date of trial, under Code § 107-103.

Obviously the jury found in favor of the validity of both the instruments upon which the action is based. Accordingly, the sole question for determination is whether or not the verdict as to the value of the property levied upon in the possession of the defendant is supported by the evidence. The term "highest proved value" means the highest value which the jury, from a consideration of all the proof, may fix. *Woodham* v. *Cash,* 15 *Ga. App.* 674 (84 S. E. 142); *Elder* v. *Woodruff Hardware &c. Co.,* 9 *Ga. App.* 484 (71 S. E. 806). As to proof of value generally, "jurors are not absolutely bound to accept as correct the opinions or estimates of witnesses as to the value of property, *though uncontradicted by other testimony,* but have the right to consider the nature of the property involved, together with any other fact or circumstance properly within their knowledge, throwing light upon the question, and they may, by their verdict, fix either a lower or a higher value upon the property than that stated in the opinions or estimates of the witnesses." *McLendon* v. *City of LaGrange,* 47 *Ga. App.* 690 (3) (171 S. E. 307). This rule was applied in the trover action of *Sapp* v. *Howe,* 79 *Ga. App.* 1 (52 S. E. 2d, 571), and it was held that, in fixing "highest

proved value," the jury "may consider the nature of the property involved, together with any other fact or circumstance properly within their knowledge throwing light on the question." In that case there was evidence as to the general condition of the truck, its use and state of repair, cost price and mileage. No such evidence appears in the record in this case, the truck being merely described as a "1949 Ford pickup truck" without any facts which could give the jury an idea as to its state of repair or previous usage. The other articles, including the electric saw, wheelbarrow and so on, were not described in any way. The witness Cameron estimated the value of the truck to be "between $750 and $800"; he gave similar fluctuating estimates on the other property. According to his estimate, the property admittedly in the defendant's possession was worth between $835 and $927, and the property claimed by the plaintiff to be in the defendant's possession had a total value of between $1032 and $1176. Had there been in the record any descriptive evidence of the kind and condition of the property from which the jury might have come to any intelligent conclusion as to its worth, the value set by it would be determinative, although higher or lower than any of the estimates given by the witness. But where there is no proof of facts from which an inference of value may be legitimately drawn, the jury should properly base its verdict on the evidence before it, which in this case includes only the opinion of a witness who had previously owned the property. See *Elder* v. *Woodruff Hardware &c. Co.*, 16 *Ga. App.* 255, 257 (85 S. E. 268). There being here no evidence that the value of the property was $686.10, and no evidence of facts regarding the nature of the property from which the jury might, in the light of other facts or circumstances properly within their knowledge, arrive at this figure, the verdict for this amount was unauthorized.

2. The remaining assignments of error are not passed upon, for the reason that the second is but an amplification of the general grounds; the third ground is not argued and is therefore treated as abandoned; and the fourth contains no assignment of error.

The trial court erred in overruling the motion for a new trial for the reason stated in the first division of this opinion.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*