36836. IMPERIAL INVESTMENT COMPANY, LTD., *et al.* *v.* MODERNIZATION CONSTRUCTION COMPANY.

TOWNSEND, J. 1. Where it is contended in a special ground of a motion for new trial that an excerpt from the charge of the court is error as containing an expression of opinion on what has been proved, the excerpt will be considered in its context and with the charge as a whole, including a statement of the court that nothing he has said should be construed as an expression of opinion on his part. *Hogg* v. *First Nat. Bank of West Point,* 82 *Ga. App.* 861 (4) (62 S. E. 2d 634).

2. A violation on the part of the trial court of Code § 81-1104 which inhibits the trial judge from any expression of opinion on what has been proved makes reversal mandatory. *Alabama Great Southern Ry. Co.* v. *McBryar,* 67 *Ga. App.* 509, 514 (21 S. E. 2d 173); *Phillips* v. *Williams,* 39 *Ga.* 597 (1). However, it is not a violation of this Code section for the court to state a fact which is uncontested and undisputed under the evidence in the case. *Daniel* v. *Charping,* 151 *Ga.* 34 (3) (105 S. E. 465).

3. The rule is recognized that in fixing the value of services, where no agreement as to value has been reached between the parties, the jury is not absolutely bound by opinion evidence, though undisputed, for in matters of value where the evidence shows the services performed, jurors ordinarily have within their own experience the same means of ascertaining value as is available to nonexpert witnesses. See in this regard *Daniell & Beutell* v. *McRee,* 31 *Ga. App.* 210 (2) (120 S. E. 448) and citations; *Chalker* v. *Raley,* 73 *Ga. App.* 415 (37 S. E. 2d 160); *Southern* v. *Cobb County,* 78 *Ga. App.* 58 (50 S. E. 2d 226); *Lammons* v. *Copeland,* 85 *Ga. App.* 318 (69 S. E. 2d 617).

This should not, however, be construed to mean that jurors may absolutely ignore evidence of value and themselves approximate a verdict "in round numbers" without reference to the value of the separate items sued for in the bill of particulars. Neither does this rule of law constitute "evidence" in the case so as to render erroneous a charge of the court that there was "no evidence which would justify a verdict for round figures for even hundreds of dollars because neither of them is asking for even hundreds of dollars or admitting even hundreds of dollars."

4. Nor is the above charge erroneous as constituting an opinion of the court on what has been proved by the evidence in the case, in violation of Code § 81-1104. The main item involved in this litigation was the balance due on a contract price which admittedly was unpaid, and certain extra items also admittedly due and unpaid. The remainder of the amount sued for concerns 15 disputed items added during the progress of the work, as to which the defendant does not contend that the price charged is unreasonable, but rather contends that no liability exists because the work was either included in the original contract, was unnecessary, or resulted from mistakes on the part of the plaintiff in performing the contract. In stating that neither the plaintiff sought nor the defendant admitted any liability in round figures, the court was stating an undisputed and uncontroverted fact. The instruction, in the context in which it was used, could only have been construed by the jury as a caution against returning a compromise or quotient verdict without regard to the separate items sued for by the plaintiff. That such a verdict would be illegal, see *Cromer & Thornton* v. *Underwood,* 64 *Ga. App.* 519 (13 S. E. 2d 860). An analysis of the amount of the verdict returned shows beyond doubt that the instruction was so construed by the jury, for the amount returned ($11,874.55) could only have been arrived at by adding to the liability admitted by the plaintiff the sums sued for in items 3, 5, 17, 22, 28 and 29 of the bill of particulars. It therefore appears not only that the charge was proper, but that it was correctly understood and applied by the jury.

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided September 18, 1957.

*James K. Rankin, Newell Edenfield,* for plaintiffs in error.
*John W. Wilcox, Jr., Wilson, Branch & Barwick,* contra.

Modernization Construction Company filed suit in the Civil Court of Fulton County against Imperial Investment Company in the sum of $13,783.65 for improvements rendered by the plaintiff to a building owned by the defendant, of which amount $8,639.30 was claimed as the balance due on the original written contract, in the sum of $64,123.35 and $5,144.35 as additional labor and materials furnished on request during the progress of the work, as shown by a bill of particulars comprising 32 items. Of these, plaintiff withdrew his claim to item 24, and defendant admitted owing the amounts shown in 16 items, leaving 15 disputed items. As to these, plaintiff testified that certain of them were the result of agreements which included the price, and others he made claim to by reason of certain work it was necessary for him to perform which was not listed in the original contract. The defendant, as to these 15 items, either denied they were necessary or claimed that they resulted from mistakes of the contractor or were included in the original contract. With the possible exception of one item in the amount of $104.70 the defendant did not contest the amount but denied that he was liable for the work done, either because it was unnecessary, because it was provided for by the contract in the first instance, or because it was rendered necessary because of mistakes on the part of the contractor. The defendant admitted he owed a balance of $8,639.30 under the original contract as alleged by plaintiff, but sought a set-off in the sum of $5,582.52 for improper performance, leaving an admitted liability of $3,056.78 as to the main contract. Defendant also admitted liability on 16 of the 32 change-over orders in the sum of $2,456.55, or a total admitted liability of $5,513.33. The jury returned a verdict for $11,874.55 in favor of the plaintiff, and it appears from examination of the evidence that this figure could only have been arrived at by the jury finding against the defendant's claim of set-off in its entirety, and finding for the plaintiff the balance due on the original contract, the extra items admitted, and in addition the sums charged for items 3, 5, 17, 22, 28 and 29 (as to

all of which there was no issue as to amount, but only as to whether the item should properly be charged against the defendant at all).

The court charged the jury, using round numbers in some places by way of illustration, that they would have to return a verdict for the plaintiff which might be any figure between the total amount sued for by plaintiff and the amount admitted due by the defendant. He charged them that he had no intention of expressing any opinion in the case, and anything regarded by the jury as an intimation of opinion on the part of the court should be disregarded in its entirety. He then charged as follows, the italicized portion constituting the basis of the sole assignment of error urged in this court by plaintiff in error:

"Now, the jury would not be authorized or entitled to go out into the thin air and just grab some figure and write it in. Whatever verdict you arrive at should be based on the evidence and in accordance with your view of the evidence and in accordance with your view of which items you believe the plaintiff is entitled to recover . . . and how much set-off should be made, if any. Your verdict, gentlemen, should be based on evidence and not some haphazard figure you reach in the air and get." . . A Juror: "May I ask a question? If those items we find for or against would we have to total that up and put one figure or do we put it itemized and add them up later or how?" The Court: "The verdict you render will be in one lump sum whatever it is. It can be X thousand and odd dollars, but it should not be arrived at as I said by just reaching in the air and grabbing out some figure and say we find for the plaintiff, using a round figure, $75,000. *I don't think there's any evidence in the case, for instance, that would justify a verdict for round figures for any even hundreds of dollars because neither one of them is asking for even hundreds of dollars or admitting even hundreds of dollars.*"

The denial of the amended motion for new trial is here assigned as error. The general grounds have been abandoned.