39191. STEPHENS *et al.* v. SOUTHERN DISCOUNT COMPANY.

DECIDED MARCH 30, 1962.

668

*O. Lee White,* for plaintiffs in error.

*Franklin B. Anderson, Hansell, Post, Gardner, Brandon & Dorsey, J. William Gibson,* contra.

FRANKUM, Judge. ■ The first question to be considered is

whether, under the evidence, the plea in bar filed by the defendant Billy Stephens, the bankrupt, should have been sustained.

" 'In an action of trover the issue is one of title, and not of debt. . . The sole issue in the trial of an action of trover is that of title to the property in dispute; and the fact that the plaintiff may elect to take a money verdict in lieu of the specific personalty claimed can in no event alter that issue.' *Berry v. Jackson*, 115 Ga. 196, 197 (41 SE 698, 90 ASR 102). 'That money verdict is damages in lieu of property, but the title to the property is the issue, and the measure of the damages is its value.' *Campbell v. Trunnell*, 67 Ga. 518, 520; [citation]." *Citizens Bank v. Mullis*, 161 Ga. 371 (1) (131 SE 44).

"The plaintiff in an action to recover personal property may elect whether to accept an alternative verdict for the property or its value, or whether to demand a verdict for the damages alone, or for the property alone and its hire, if any; and it shall be the duty of the court to instruct the jury to render the verdict as the plaintiff may thus elect." *Code* § 107-105.

In this case the plaintiff elected to ask for a money judgment for damages alone, and such judgment was rendered in its favor.

"A creditor having a debt secured by title to property, where his debtor is adjudged a voluntary bankrupt, can, if he does not prove his debt in the bankruptcy court, institute an action in trover for the recovery of such property, and is entitled to obtain a money judgment against his debtor for the value of the property sued for, as against the plea of discharge in bankruptcy. *Citizens Bank v. Mullis*, 161 Ga. 371 (131 SE 44)." *Lester v. Southern Security Co.*, 168 Ga. 307 (1) (147 SE 529).

The bankrupt in the instant case does not contend that the plaintiff proved its debt against him in the bankruptcy court. It is clear from the contentions made by the defendant Billy Stephens in this court and from the averments in his plea in bar based upon a discharge in bankruptcy that he sought to prevent the plaintiff from obtaining any judgment against him based on the plaintiff's title to the property described in the bill of sale to secure debt.

"When a verdict for damages shall be rendered in favor of a plaintiff in trover, and a judgment entered thereon, the said ver-

dict and judgment shall not have the effect of changing the property which is the subject-matter of the suit, or vesting the same in the defendant in said suit, until after the damages and costs recovered by the plaintiff in such action are paid off and discharged, except so far as to subject such property to sale under and by virtue of an execution issuing upon such judgment in such action of trover, and to make the same liable to the payment of the damages and costs recovered in said action, in preference to any other judgment, order, or decree against the defendant in said action of trover." *Code* § 110-514. See *Frick & Co. v. Davis,* 80 Ga. 482 (5 SE 498).

The evidence shows that, prior to filing its action of trover against the two defendants in this case, the plaintiff made demand upon them for the property described in the bill of sale, and that such demand was refused. "In actions for the recovery of personal property, if the defendant at the first term shall tender the property to the plaintiff, together with reasonable hire for the same since the conversion, disclaiming all title, the costs of the action shall be paid by the plaintiff, unless he shall prove a previous demand of the defendant and a refusal to deliver it up." *Code* § 107-104. This the defendants did not do.

Since the defendants refused to deliver the property to the plaintiff upon demand therefor, the plaintiff had a clear right to bring the action of trover so as to protect its interest and to ask for a money judgment based upon the value of the property. *Code* § 110-514. See *Frick & Co. v. Davis,* 80 Ga. 482, supra.

The court did not err in finding against the plea in bar.

■ The defendants contend that the judgment in the amount of $1,100 is unsupported by evidence and contrary to law. Defendant Billy Stephens testified that the numerous household items listed on the bill of sale to secure debt were worth not more than $100, and that the other items listed on the bill of sale (used in his business) were purchased for a total amount of $250; however, several of such items were either stolen from the defendant, broken, or worthless. Of the household items, he testified that the washing machine "went bad and I replaced it . . . but I still got the junk"; that the refrigerator went bad; and that the other household items were worn from 12 years of use.

The plaintiff's manager was qualified as an expert in evaluating household property and testified as follows: "Q. Mr. Laukka, what is the value of the property listed in that bill of sale, in your estimation? A. $1,850.00. . . Q. (By Mr. Anderson) Mr. Laukka, you heard the defendant's testimony in this case as to the value of the property? A. Yes sir. . . Q. And looking at this plaintiff's Exhibit 1 and reading therefrom, in your opinion, what is the value of that property? A. I went on record before as $1,850.00. I will stay with that. Q. (By Mr. White) You don't know the age of any particular article on that entire contract, do you? A. No, sir, I don't. Q. You have never seen it. Therefore, you don't know anything about its condition, that's true, isn't it? A. Yes, sir, that's so. Q. And you don't know whether this sofa was new or old on July 24th, 1958, do you? A. We have a listing man that went out to the house to list that household goods. He put down that appraisal. I, myself, do not. Q. You don't know whether two television chairs were new, old, or what condition they were in at that time, or even now, do you? A. I, myself, don't know the value of any of it. Q. And coffee table, you didn't know the value of that thing at the time this contract was made, or the present value, do you? A. I don't argue that point."

We are of the opinion that the testimony of the plaintiff's agent concerning the value of the personal property in question has no probative value. The opinion of the witness, although an expert, as to the value of the personal property will not serve as a basis of recovery when it is conclusively shown that the witness was unfamiliar with the facts, and his testimony was not based upon a hypothetical question authorizing him to give an opinion as to value. *Fowler v. National City Bank*, 49 Ga. App. 435 (3) (176 SE 113); *Western & A. R. v. Fowler*, 77 Ga. App. 206 (8) (47 SE2d 874); *Gordy Tire Co. v. Bulman*, 98 Ga. App. 563 (106 SE2d 332). See *Anderson v. Anderson*, 27 Ga. App. 513 (108 SE 907). Cf. *Killian v. Augusta &c. R. Co.*, 78 Ga. 749 (3 SE 621). Here the witness was not asked to give his opinion based upon the description and condition of the property from the testimony given by other witnesses, but he was asked to give

his opinion on the basis of the listing of the property on the bill of sale to secure debt, with no facts being given to show the condition of the property or other facts which could serve as a basis of an evaluation. *Lane v. Happ Bros. Co.*, 44 Ga. App. 577 (162 SE 519); *Fowler v. National City Bank*, 49 Ga. App. 435, supra. See *Metropolitan Life Ins. Co. v. Saul*, 189 Ga. 1, 8 (5 SE2d 214). The witness admitted that he "doesn't know the value of any of it [the property]". Consequently, the opinion testimony of this witness is without probative value. *Gordy Tire Co. v. Bulman*, 98 Ga. App. 563, supra.

The only testimony remaining in the record to prove value is the testimony of the defendants. While the trier of fact is not absolutely bound by witnesses' opinion as to value (*Maynard v. American Ry. Exp. Co.*, 29 Ga. App. 329, 115 SE 35; *Birmingham Paper Co. v. Holder*, 24 Ga. App. 630, 101 SE 692), such trier of fact cannot abandon the evidence to reach an approximation of value. See *Imperial &c. Co. v. Modernization &c. Co.*, 96 Ga. App. 385 (3) (100 SE2d 107). The bill of sale to secure debt listed thirty items which were not sufficiently described to indicate value. We are of the opinion that the evidence was insufficient to present data whereby the judge, passing upon all questions of law and fact, could exercise his "own knowledge and ideas" to determine value, and, accordingly, the evidence is insufficient to support the amount of the judgment. Cf. *Chalker v. Raley*, 73 Ga. App. 415 (37 SE2d 160); *Sammons v. Copeland*, 85 Ga. App. 318 (69 SE2d 617); *Jefferson v. Kennedy*, 41 Ga. App. 672 (154 SE 378); *Youngblood v. Ruis*, 96 Ga. App. 290 (99 SE2d 714).

The court erred in denying the motion for a new trial.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*