39686.   FULTON COUNTY v. BAILEY et al.

Decided March 14, 1963—Rehearing denied March 28, 1963.

*Harold Sheats, Alex M. Hitz,* for plaintiff in error.

*Wm. G. Grant, Robert W. Spears,* contra.

FRANKUM, Judge. 1. One of the reasons given by the witness for stating that the owner of the land had been damaged only to the extent of $3,800, was because the remaining portion of the $11,500 represented the damages to the lessee of the property. This reason, however, was not sufficient to authorize a finding for the owner in an amount less than the value of the property taken, as shown by the evidence, because the lease of the property in question shows that it was executed in contemplation of the "proposed future widening of the west side of any part of Piedmont Road up to and not to exceed twenty feet," and by its express terms, the lessee renounced interest in any award for damages on account thereof. The record shows that the strip of land condemned was only 15.2 feet in width at its widest point.

2. It is contended that this witness also testified that, notwithstanding the lease on the premises, the net damage to the owner on account of the taking was $3,800. The testimony which is the basis for this contention was as follows: "It is my opinion, I am not quoting it from a legal standpoint, I am quoting it from a market standpoint, she will have no loss, she can sell the property for the same but all the time this lease is going on. Q. And the county should, instead of paying the fair market price for the piece of property, instead of $11,500 should only pay $3,800 because of those circumstances, is that right? A. I am not trying to say what the county should pay. They can pay whatever the jury says. I am trying to say what her damage is, in my opinion, based on the market for the property, based on the service station, based on the lease, that her damage is $3,800. Q. You say that this property would sell for as much after you cut off

15 front feet as it would have sold if it had not been cut off? A. In my opinion, yes, sir. The reason I say that is because this is a benefit to the service station, it makes the service station more useable I believe, so the service station property actually helps it." This witness also testified that, in his opinion, the market value of the property before the taking was $126,850, and that the market value of the remaining property after the taking would still be the same.

The proper construction of this testimony is that the witness was offsetting against the value of the property taken the excess of consequential benefits over the consequential damages to the remaining property. This cannot be done. *Code* §§ 36-504, 36-506.

3. While the condemnor cites cases to the effect that a jury is not bound by witnesses' opinions as to value, this does not mean that they can determine value on their own personal knowledge. *Code* § 110-108. *Gibson v. Carreker*, 91 Ga. 617 (17 SE 965); *State Hwy. Dept. v. Andrus*, 212 Ga. 737 (95 SE2d 781), s.c. 93 Ga. App. 827 (93 SE2d 174). To so rule would allow a jury to abandon the evidence to reach its own approximation of value. See *Stephens v. Southern Discount Co.*, 105 Ga. App. 667 (125 SE2d 235). The rule simply means that the jury is not bound to render a verdict in an amount testified to by witnesses when there is sufficient "data in the evidence upon which the jury may legitimately exercise their 'own knowledge and ideas'." *Jefferson v. Kennedy*, 41 Ga. App. 672 (3) (154 SE 378). Cf. *Sammons v. Copeland*, 85 Ga. App. 318 (69 SE2d 617); *Chalker v. Raley*, 73 Ga. App. 415 (37 SE2d 160). See *State Hwy. Dept. v. Andrus*, 212 Ga. 737, supra.

No evidence is shown which would have authorized the jury to find a verdict in an amount different from the amount directed in this case. The court did not err in directing the verdict for Mrs. Bailey, the owner of the property.

*Judgment affirmed. Felton, C. J., Carlisle, P. J., Nichols, P. J,. Hall and Eberhardt, JJ., concur. Bell, Jordan and Russell, JJ., dissent.*

JORDAN, Judge, dissenting. I think the trial court erred in directing a verdict in this case for two very important reasons.

First, it is well settled that questions of value are peculiarly for the determination of the jury where there is *any data* in evidence upon which they may legitimately exercise their own knowledge and ideas. In making such determination they are not bound to accept as correct the opinion of witnesses as to such value. "Jurors are not absolutely bound to accept as correct the opinions or estimates of witnesses as to the value of property, *though uncontradicted by other testimony*, but have the right to consider the nature of the property involved, together with any other fact or circumstance properly within their knowledge, throwing light upon the question, and they may, by their verdict, fix either a lower or a higher value upon the property than that stated in the opinions or estimates of the witnesses. *Georgia Northern R. Co. v. Battle*, 22 Ga. App. 665, 666 (97 SE 94), and cit. See also *Baker v. Richmond City Mill Works*, 105 Ga. 225 (31 SE 426); *McCarthy v. Lazarus*, 137 Ga. 282 (2) (73 SE 493). Applying the foregoing ruling to the facts of the case at bar, this court cannot hold that the verdict was unauthorized by any evidence." *McLendon v. City of LaGrange*, 47 Ga. App. 690, 691 (3) (171 SE 307); see also *Chalker v. Raley*, 73 Ga. App. 415 (37 SE2d 160); *Southern v. Cobb County*, 78 Ga. App. 58 (50 SE2d 226); and *Nottingham v. West*, 69 Ga. App. 876 (27 SE2d 44). To the same effect see *Watson v. Tompkins Chevrolet Co.*, 83 Ga. App. 440 (63 SE2d 681) in which it was held that a directed verdict was improper.

In order to aid the jury in evaluating the opinion evidence as to value, the jury in this case had before it other evidence which might throw light on the question of value, such as (1) a plat of the property showing its size and dimensions, and its location at the corner of Peachtree Road and Piedmont Avenue, (2) four photographs of the property as it existed at the time of taking, illustrating to the jury the nature, extent and location of the improvements to the portion of the property not taken, (3) a lease describing the tract from which the property was taken and showing the value of the yearly rental, the term of the lease, etc., and (4) other pertinent facts concerning the property testified to by the same witness in explaining how he arrived at the valuation which he placed upon the property. In considering

all these facts and circumstances, the jury certainly had ample other data before it which would have authorized a verdict in an amount different from the amount directed in this case.

Secondly, the testimony as to value given by the only witness was highly conflicting and on the basis of his testimony alone the jury could have reached a verdict different from that directed. In addition to his testimony that the value of the property taken was $11,500 he also positively testified that the market value of the entire property before the taking was $126,850 and that the market value of the property after the taking was still $126,850, the overall effect of such testimony being that the opinion of the witness as to the value of the property taken was somewhere between zero and $11,500. His further testimony that the property owner had been damaged only to the extent of $3,800 further clouded the issue of the value of the property, leaving the jury no clear and unequivocal testimony from the opinion witness on this question.

Under the facts and circumstances set forth above the question of value in this case should have been submitted to the jury under proper instructions from the court.

I am authorized to state that Judges Bell and Russell concur in this dissent.