27890.   LUMPKIN *v.* AMERICAN SURETY COMPANY.

Decided February 29, 1940.

778.

*Maddox & Griffin,* for plaintiff in error.

*Barry Wright, Dudley B. Magruder Jr.,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) It is insisted by the defendant that the judge erred in overruling the general demurrer because it appeared from the petition that there was no contractual relation whatever between the parties to the suit, but that the plaintiff had issued to the bank an instrument which, as the defendant contends, was a policy of insurance and not a bond; that the defendant had nothing to do therewith; that the defendant made no bond to the bank, and that the plaintiff was not a surety, and any right it might have was because of a purported assignment to the plaintiff of the bank's claim against the defendant  The contract referred to specifically provided that the plaintiff agreed to indemnify the bank against any losses sustained by it covered by "the bond," which coverage included "any loss through any dishonest, fraudulent, or criminal act" of any employee of the bank. The alleged shortages of the defendant resulting from the alleged dishonest, fraudulent, and criminal acts in stealing, deducting, and

appropriating or removing the sum stated in the amended petition, which sum belonged to the bank and which it alleged the defendant concealed by making various false entries in its books, were covered by this contract or "bond." By reason of these alleged shortages of the defendant the bank suffered the loss of its money in the sum stated in the amended petition, and this loss was paid by the plaintiff on presentation by the bank of a claim therefor in accordance with the provisions of the contract. The claim thus paid by the plaintiff to the bank, being the amount of the alleged shortage of the defendant, was assigned in writing by the bank to the plaintiff, and suit thereon was brought against the defendant in the name of the plaintiff, as provided in the assignment. By this assignment the plaintiff succeeded to the right of the bank to recover from its employee the amount of money alleged to have been taken by him, on payment of this loss by the plaintiff to the bank. The bank had a right of action against the defendant for the monetary loss sustained by it by reason of the alleged dishonest and fraudulent acts of the defendant. In consideration of the payment to it by the plaintiff of the loss sustained by it as a result of the alleged dishonest and fraudulent acts of the defendant the bank could properly transfer and assign to the plaintiff its right of action against the defendant, and it could do this even had there been no agreement by the plaintiff to indemnify it against such a loss.

Under the Code, §§ 85-1803, 85-1805, a right of action for damage to property, or a right of action or chose in action arising from tort which involves, directly or indirectly, a right of property, is assignable. See *Sullivan* v. *Curling,* 149 *Ga.* 96 (99 S. E. 533, 5 A. L. R. 124); *Benjamin-Ozburn Co.* v. *Morrow Transfer &c. Co.,* 13 *Ga. App.* 636 (79 S. E. 753); *Hartford Fire Ins. Co.* v. *Davis,* 29 *Ga. App.* 797 (116 S. E. 647); *Information Buying Co.* v. *Morgan,* 39 *Ga. App.* 292 (147 S. E. 128); *Virginia-Carolina Chemical Co.* v. *Rachels,* 41 *Ga. App.* 221 (152 S. E. 308). The right of the bank to recover of the employee, on account of his alleged wrongful acts in taking the money of the bank is a right to recover for injury involving the bank's property right in the money.

The form of an assignment of a chose in action is immaterial. It is sufficient if it is in writing and manifests the intention of the

owner to transfer to the assignee his title to the chose in action. *Southern Mutual Life Ins. Co.* v. *Durden,* 132 *Ga.* 495 (64 S. E. 264, 131 Am. St. R. 210). The assignment by the bank of its claim against the defendant contained a description of the various alleged thefts and dishonest acts of the employee. The assignment operated to pass to the plaintiff the title to the right of action of the bank against the employee.

The petition stated a cause of action and none of the grounds of special demurrer were meritorious. The trial court properly overruled the demurrer on all the grounds.

*Judgment affirmed. Sutton and Felton, JJ., concur.*