33918.   WILSON *et al. v.* STATE HIGHWAY DEPARTMENT
OF GEORGIA *et al.*

DECIDED APRIL 11, 1952.

908

Geo. D. Anderson, H. C. Schroeder, Luther C. Hames, for plaintiffs in error.

Eugene Cook, Attorney-General, W. V. Rice, Assistant Attorney-General, Willingham, Cheney, Hicks & Edwards, J. G. Roberts, contra.

SUTTON, C. J. This was a proceeding for condemnation in rem, under the provisions of Code (Ann.) § 36-1104, which states that, where the condemnor shall find or believe that the title of the apparent or presumptive owner of the property sought to be condemned is incomplete, or that there are or may be persons unknown or non-resident who have or may have some claim or demand thereon, the condemnor may petition the superior court for a judgment in rem, condemning the property to the use of the condemnor upon payment of just and adequate compensation therefor to the person or persons entitled to such payment.

Code § 36-1110 provides that, "In case assessors are appointed, the same right of appeal shall lie from their award to a jury in the superior court, as is given in Chapter 36-6, and upon like terms and conditions in all respects as are therein provided." Code § 36-601 provides that either party may appeal to a jury in the superior court within ten days from the time the award is filed. Code § 36-602 states: "The entering of said appeal and the proceedings thereon shall not hinder or delay in any way the corporation's or person's work or the progress thereof, if the applicant to condemn shall pay or tender to the owner the amount of the award, and, in case of the refusal of the owner to accept the same, deposit the amount awarded with the clerk of the superior court for the benefit of the owner." And it is provided in Code

§ 36-603 that "The tender, payment, or acceptance of the amount shall not prevent either party from prosecuting the appeal."

The Constitution, article 1, section 3, paragraph 1 (Code, Ann., § 2-301), requires that just and adequate compensation must be first paid before private property is taken or damaged for public purposes. Under both the Constitution and the statutes providing for the appeal from the assessors' award in condemnation proceedings, it is plain that tender or payment of the award is necessary before the property may be taken or the work thereon commenced, but payment or tender is not a condition precedent to the right of either party to enter an appeal within ten days from the filing of the award. The appeal was not subject to dismissal because no tender of the amount of the award had been made to the persons named in the petition as the apparent owners.

It is not contended that there were any irregularities in the proceedings before the filing of the award of the assessors, but it is contended that the judgment entered during the ten-day period after such filing was conclusive on the issue of value, so as to require the dismissal of the appeal from the award of the assessors, and that the judgment operated as a taking of the property without the requisite tender to the owners being made, which irregularity barred the appeal.

Chapter 36-11 of the Code is cumulative and supplemental to the provisions for condemnation contained in Chapters 36-2 to 36-6, and was "intended to make simpler and more effective the method of condemnation in those cases where conflicting interests or doubtful questions render a judicial supervision of the procedure desirable." Code (Ann.), § 36-1115. And in all particulars not otherwise specially provided for in Chapter 36-11, the court is to conform its procedure as nearly as may be to the provisions of Chapters 36-2 to 36-6. *Ibid.* "It shall be within the power of the court, upon payment of the award or verdict into the registry of the court, to adjudge a condemnation of the title in fee simple, and give such direction as to the disposition of the fund as shall be proper, according to the rights of the several respondents, causing such pleadings to be filed and such issues made up as shall be appropriate for an ascertainment and determination of such rights." Code, § 36-1111. "After condemnation is had and the fund paid into the registry of the court, the

petitioner shall not be concerned with or affected by any subsequent proceedings unless upon appeal from the verdict or award as hereinbefore allowed." § 36-1113.

The petition for condemnation in rem in the present case alleged that the petitioner believed that the title was incomplete, and that there might be persons unknown and non-resident having some claim to the land sought to be condemned; and alleged in the amendment thereto that either Mrs. Lucile Hughes or the Cobb Exchange Bank, or both, held deeds to secure debt against the property sought to be condemned. The evidence introduced on the hearing of the motion showed that the loan deed of Mrs. Hughes had been transferred to the Cobb Exchange Bank. These facts bring the case within Chapter 36-11 of the Code, as a case "where conflicting interests or doubtful questions render a judicial supervision of the procedure desirable."

In such a case, the procedure specially provided for in Chapter 36-11 may be followed, and it appears that such procedure (as set out in Code §§ 36-1111 and 36-1113, supra) was substantially followed in the present case. The court adjudged a condemnation of the title in fee simple upon the payment of the award into the registry of the court, and the award was presumably to be disposed of after the determination of the rights of the defendants and the intervenor to such award. After the judgment of condemnation was had, and the fund paid into the registry of the court, the condemnor was concerned only with the appeal from the award, as allowed under Code §§ 36-1110 and 36-601, supra. Thus the judgment of condemnation did not operate as a final adjudication of the issue of value such as would estop the condemnor from appealing on that issue. It does not matter that the payment into the registry of the court was by means of a county warrant rather than by cash. The warrant was accepted in lieu of cash by the clerk, and he stood ready to pay the amount in cash on order of the court. The resulting liability of the clerk to pay the award as directed by the court would be the same whether the clerk had accepted money or a county warrant.

There was sufficient compliance with the statutory procedure for condemnation in rem by the State Highway Department in the present case, and the trial judge did not err in denying the motion to dismiss the appeal.

*Judgment affirmed. Felton and Worrill, JJ., concur.*