37430. ANDREWS *v.* GENERAL MOTORS ACCEPTANCE CORPORATION.

DECIDED NOVEMBER 13, 1958.

640

*Joe Salem, Herschel Maddox,* for plaintiff in error.

*A. Mims Wilkinson, Jr.,* contra.

QUILLIAN, Judge. Defendant's counsel insists that the petition was subject to general demurrer because there was never a valid assignment of the conditional-sale contract from Boomershine Pontiac Company to the plaintiff.

The following language appears on the conditional-sale contract:

"Dealer's Recommendation and Assignment.

(Without recourse)

"The undersigned certifies that said contract arose from the sale of the within described property, warranting that title to said property is now vested in the undersigned, free from all liens and encumbrances and that the undersigned has the right to assign such title; that the said property is as represented to the purchaser of said property by the undersigned and that the statements made by the purchaser of said property on the statement form, attached hereto, are true to the best of the knowledge and belief of the undersigned. The down payment paid to and received by the undersigned is exactly as hereinabove stated, and the undersigned acknowledges that the foregoing representations are material to the purchase of the within contract by General Motors Acceptance Corp.

"This assignment of the within contract is and shall be without recourse to the undersigned; provided, however, that in the event that the conditions hereinbefore stated to be material

to the acceptance and purchase of the within contract by General Motors Acceptance Corp. are not as represented, without regard to the undersigned's knowledge or lack of knowledge with the respect thereto, the undersigned hereby agrees, unconditionally, to guarantee payment of the full amount remaining unpaid under said contract and covenants in the event default in payment thereunder to pay General Motors Acceptance Corp., upon demand, the full amount then unpaid.

Seller's signature:

Boomershine Pontiac by /s/ Walter M. Boomershine, Partner."

It will be noted that the above quoted provision contains the following: "This assignment of the within contract is and shall be without recourse to the undersigned . . ." This language was sufficient to manifest the intention of the owner to transfer to the plaintiff its title to the conditional-sale contract. *Jones v. Universal C. I. T. Credit Corp.*, 88 *Ga. App.* 24 (75 S. E. 2d 822); *Lumpkin v. American Surety Co.*, 61 *Ga. App.* 777 (7 S. E. 2d 687); *Southern Mutual Life Ins. Assn. v. Durdin*, 132 *Ga.* 495 (1) (64 S. E. 264, 131 Am. St. R. 210).

The judge did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*