62302. HENSON et al. v. DEPARTMENT OF TRANSPORTATION.

CARLEY, Judge.
On April 27, 1979, the appellee-Department of Transportation (condemnor) filed a petition and declaration of partial taking of

property owned by appellee-Amoco Oil Company (Amoco) and leased to appellant-Henson. Estimated compensation in the amount of $150,000 was paid into court. An Amoco service station was located on the remainder of the property and was operated by appellant-Henson Industrial Specialist Company, Inc. (Company). Pursuant to Henson's timely notice of appeal the case was brought to trial before a jury. Henson sought to recover for loss of or damage to his leasehold interest. The Company sought damages for business losses, including loss of profits, value of inventory and moving expenses. The jury awarded Amoco $100,000, which was increased to $150,000 on motion for judgment n. o. v. on the ground that that amount was the only one as to which evidence had been offered. The jury made no award to Henson or the Company. They appeal.

1. Under the terms of what we find to be the relevant and operable lease between Henson and Amoco, Henson, as lessee, assigned and set over to Amoco, as lessor, "any award, claim or demand whatsoever to which the lessee may be entitled by reason of such taking, other than moving expenses to which lessee may be specially entitled by law." We believe that his provision was effective to assign to Amoco any claims Henson may have had with regard to his leasehold interest in the property. Cf. *Fulton County v. Bailey,* 107 Ga. App. 512, 513 (1) (130 SE2d 800) (1963). "The form of an assignment of a chose in action is immaterial. It is sufficient if it is in writing and manifests the intention of the owner to transfer to the assignee his title to the chose in action. [Cit.]" *Lumpkin v. American Surety Co.,* 61 Ga. App. 777, 779-780 (7 SE2d 687) (1940). This assignment is dispositive of Henson's claims, Amoco being entitled to an award which included the full value of the property taken, including the value of Henson's leasehold interest therein. *Bailey,* supra. We find no error for any reason urged on appeal in the entry of judgment on the verdict against Henson.

2. We then turn to the Company's claims for business losses. "[B]usiness losses are recoverable as a separate item only if the property is 'unique.' [Cit.] . . . Whether or not property is unique is a jury question. [Cit.]" *Dept. of Transp. v. Dixie Hwy. Bottle Shop,* 245 Ga. 314, 315 (265 SE2d 10) (1980). Therefore, unless the trial court erred either in the admission or exclusion of evidence or in the charge to the jury, the entry of judgment on the verdict against the Company was not erroneous. Our review of the many enumerations of error in this regard demonstrates that none has merit. Accordingly, the judgment is affirmed.

*Judgment affirmed. Quillian, C. J., McMurray, P. J., Shulman, P. J., Banke, Birdsong, Sognier and Pope, JJ., concur. Deen, P. J. dissents.*

DECIDED NOVEMBER 4, 1981 —
REHEARING DENIED NOVEMBER 30, 1981 — 

*Thomas Pye, Durwood T. Pye, Charles N. Pursley, Jr.,* for appellants.

*M. T. Simmons, Jr., Special Assistant Attorney General, Arthur K. Bolton, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Don A. Langham, First Assistant Attorney General, Marion O. Gordon, Senior Assistant Attorney General,* for appellee.

DEEN, Presiding Judge, dissenting:

I concur in the majority opinion except to the extent that it ignores the fact that moving expenses were excepted from the assignment on which the opinion was based. Moving expenses are recoverable in a proper case, and the statement that there is assigned any claim "to which the lessee may be entitled by reason of such taking other than moving expenses" clearly contains this exception. I would remand for the purpose of determining the extent of such expenses.