71390. FRANCO'S PIZZA & DELICATESSEN, INC.
v. DEPARTMENT OF TRANSPORTATION.
71391. DEPARTMENT OF TRANSPORTATION v. SELIG
ENTERPRISES, INC. et al.
(343 SE2d 123)

McMURRAY, Presiding Judge.

This action is a declaration of taking condemnation case filed by the Department of Transportation. The parties whose interests are at issue on this interlocutory appeal are the condemnor and condemnee Franco's Pizza and Delicatessen, Inc. (Franco's). Condemnee Franco's was a lessee of condemnee Selig Enterprises, Inc., holder of the fee simple title of the premises involved.

On April 5, 1985, the trial court entered the order from which this appeal and the cross-appeal are taken, ruling on condemnor's motions in limine. Both the appeal (Case No. 71390) and cross-appeal (Case No. 71391) complain of various portions of this order. *Held*:

1. Condemnee Franco's appeals from that portion of the trial court's order which held that the lease between condemnee Franco's and condemnee Selig Enterprises, Inc. was a usufruct which terminated upon the taking and thereby denied condemnee Franco's the right to recover the difference between the leasehold interest and the market price.

First, we note that whether the lease conferred a leasehold or a mere usufruct is irrelevant. Either is a property right in the premises which cannot be taken for public use without first paying just and adequate compensation. *Waters v. DeKalb County*, 208 Ga. 741, 745 (1) (69 SE2d 274).

The lease provides that: "If the whole of the leased premises, or

such portion thereof as will make premises unuseable for the purposes herein leased, be condemned by any legally constituted authority for any public use or purpose, then in either of said events the term hereby granted shall cease from the time when possession thereof is taken by public authorities, and rental shall be accounted for as between Landlord and Tenant as of that date. Such termination, however, shall be without prejudice to the rights of either Landlord or Tenant to recover compensation and damage caused by condemnation from the condemnor. It is further understood and agreed that neither the Tenant nor Landlord shall have any rights in any award made to the other by any condemnation authority."

Condemnee Franco's contends that this lease provision affected only the rights between the lessor and the lessee, but not as between lessee and condemnor. Condemnor contends that this lease provision causes the automatic termination of the lease entirely and precludes recovery of compensation by the lessee for the condemnation of the leased premises.

In view of the sentence preserving the rights of the landlord and tenant to recover compensation and damage caused by condemnation, we construe this provision as providing that the lease is terminated in event of condemnation as between the parties to the lease only. The trial court erred in concluding that the condemnee Franco's was precluded from proceeding to recover appropriate compensation from condemnor.

2. In the cross-appeal condemnor correctly argues that the trial court erred in ruling "if and to the extent that the Condemnee [Franco's] administratively received moving expenses such expenses would be a credit or setoff against a recovery . . . and would not act as a bar to the recovery of such sums as part of consequential damages." *Dept. of Transp. v. Gibson*, 251 Ga. 66 (303 SE2d 19).

3. Condemnor also contends that the trial court erred in ruling that there is an issue of fact as to whether the leased property was unique so as to entitle condemnee to recover business losses. To the extent that condemnor's argument is predicated upon any inconsistency between this ruling and the trial court's holding that the lease was terminated upon the condemnation, such is moot following our decision on the main appeal in Division 1. Condemnor is incorrect in arguing that the issue of uniqueness is a legal question. To the contrary, "[w]hether or not property is unique is a jury question." *Dept. of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314, 315 (265 SE2d 10). The submission of the issue of whether the property is unique as to condemnee Franco's is not foreclosed by any failure to file exceptions to a special master's award. *Morgan v. Dept. of Transp.*, 239 Ga. 560 (238 SE2d 95); *Stephens v. Dept. of Transp.*, 170 Ga. App. 784 (318 SE2d 167). This enumeration is without merit.

*Judgment reversed in both cases. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 6, 1986 —
REHEARING DENIED MARCH 19, 1986 —

Richard N. Hubert, Robert L. Rothman, for appellant (case no. 71390).

Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General, Beryl H. Weiner, J. Matthew Dwyer, Jr., James S. S. Howell, Special Assistant Attorneys General, for Department of Transportation.

John C. Gray, George B. Haley, Jr., for appellees (case no. 71391).