A01A0191. McGREGOR v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA.
(548 SE2d 116)

MILLER, Judge.

In Blondell McGregor's lease of certain premises from Nations-Bank of Georgia, he agreed that if all the premises were taken in any manner for public use, the lease would immediately terminate, the rent would be apportioned as of the date of termination, and he would have no claim against NationsBank or the condemning authority for the value of the unexpired term of the lease or otherwise. He further agreed that all compensation paid upon the taking would belong to NationsBank without any participation therein by him. The question on appeal is whether this language waived McGregor's right to seek compensation from a condemnor upon the condemnor's taking the leased premises for public use. We hold it did and therefore affirm summary judgment in favor of the condemnor.

The undisputed facts show that in 1995 McGregor leased a portion of a building in downtown Atlanta to operate a restaurant. The lease as amended was to expire in November 2000. With regard to the possibility of a public taking, the lease provided:

In the event that all of the Premises shall be condemned or taken in any manner for any public or quasi-public use, this Lease shall forthwith cease and terminate as of the date of vesting title. . . . If this Lease is terminated in accordance with the provisions of this paragraph, then the rent shall be apportioned and adjusted as of the date of termination and Lessee shall have no claim against Lessor or the condemning authority for the value of the unexpired term of this Lease or otherwise. All compensation awarded or paid upon a total or partial taking of the Premises or the Building or any part thereof shall belong to and be the property of Lessor without any participation therein by Lessee or by an Agent, if any.

In September 1998 the Board of Regents of the University System of Georgia, a governmental authority with the power of eminent domain,[1] notified McGregor that it intended to acquire the entire building in ten days and that therefore his lease would terminate as of that time. Although no condemnation proceedings were filed, the parties agree that the Board then acquired the building for public purposes under threat of condemnation. Thus, in the language of the lease and as understood by the parties, the property was "taken in any manner" for a public use.

McGregor filed an inverse condemnation action against the Board, claiming that the Board was required to pay him just and adequate compensation for his leasehold interests. Arguing that under the lease McGregor had assigned or waived any rights to compensation, the Board successfully moved for summary judgment, which McGregor appeals.

This Court diligently protects the sacred right of property owners to just and adequate compensation before private property is taken or damaged for public purposes.[2] And a leasehold interest, including a usufruct, is a property right that cannot be taken for public use without first paying just and adequate compensation.[3] Nevertheless, "[a]bsent a public policy interest, contracting parties are free to contract to waive numerous and substantial rights. . . ."[4] Thus, a lessee may in the lease assign away or waive its right to just and adequate compensation in any type of condemnation proceedings, which assignment or waiver we will enforce.[5]

Here McGregor expressly agreed that, in the event the lease was terminated by condemnation, the lessee would have "no claim against . . . the condemning authority" for compensation of any loss to the value of the leasehold arising out of the taking. He further agreed that any proceeds paid for a public taking of the building would be the property of NationsBank without participation by McGregor, thus effectively assigning to NationsBank any condemnation compensation possibly due him.[6] He thus contracted away his constitutional right to compensation.

---

[1] OCGA § 20-3-58 (a).

[2] Ga. Const. of 1983, Art. I, Sec. III, Par. I; *Wilson v. State Hwy. Dept.*, 85 Ga. App. 907, 910 (70 SE2d 535) (1952); see *Whipple v. County of Houston*, 214 Ga. 532, 538-539 (2) (105 SE2d 898) (1958) (this imperative duty of the State protects the most humble person against tyrannical abuse of the State's powers).

[3] *Franco's Pizza &c. v. Dept. of Transp.*, 178 Ga. App. 331 (1) (343 SE2d 123) (1986).

[4] (Citations and punctuation omitted.) *Imaging Systems Intl. v. Magnetic Resonance Plus*, 227 Ga. App. 641, 644 (1) (490 SE2d 124) (1997).

[5] *Henson v. Dept. of Transp.*, 160 Ga. App. 521, 522 (1) (287 SE2d 299) (1981) (whole court).

[6] Id. (" 'The form of an assignment of a chose in action is immaterial.' ") (citations omitted).

McGregor cites three cases[7] for the proposition that a lessee may pursue an action against the condemning authority despite similar lease language. *Franco's Pizza &c. v. Dept. of Transp.*[8] and *Dept. of Transp. v. Calfee Co. of Dalton*[9] are distinguishable in that, although in both cases the lessee waived its right to seek compensation *from the lessor*, in neither case did the lessee purport to waive its right to seek compensation *from the condemning authority*.[10] In fact, in *Franco's Pizza* that right was expressly preserved.[11] *Simmerman v. Dept. of Transp.*[12] is distinguishable in that it did not address the lessee's right to pursue an action against the condemnor. Rather, *Simmerman* focused on the right of the lessee to sue the lessor. Since the lessee's assignment of the condemnation proceeds to the lessor contained an express acknowledgment of the lessee's right to pursue an action against the lessor for the lessee's portion of the proceeds, *Simmerman* allowed the lessee to receive a portion of the award given the lessor.[13]

Here the contract language is clear that (1) McGregor waived his right to seek condemnation proceeds from the condemnor and (2) he assigned to NationsBank any condemnation proceeds paid for his leasehold interests. Thus, the court correctly granted summary judgment in favor of the Board.[14]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED APRIL 30, 2001 —
RECONSIDERATION DENIED MAY 16, 2001 ▮

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert,* for appellant.

*Thurbert E. Baker, Attorney General, R. O. Lerer, Senior Assistant Attorney General, Zachary & Segraves; Kenneth L. Levy, Kenneth W. Carpenter,* for appellee.

---

[7] See *Dept. of Transp. v. Calfee Co. of Dalton*, 202 Ga. App. 299 (414 SE2d 268) (1991) (whole court); *Franco's Pizza*, supra, 178 Ga. App. at 331; *Simmerman v. Dept. of Transp.*, 167 Ga. App. 383, 384-385 (1) (307 SE2d 4) (1983).

[8] Supra, 178 Ga. App. at 331-332 (1).

[9] Supra, 202 Ga. App. at 300-301 (1).

[10] Id.; *Franco's Pizza*, supra, 178 Ga. App. at 331-332 (1).

[11] Supra, 178 Ga. App. at 332 (1).

[12] Supra, 167 Ga. App. at 384-387 (1).

[13] Id. at 387 (1).

[14] See *Henson*, supra, 160 Ga. App. at 522 (1).