## A02A0299. LAMAR COMPANY, LLC v. STATE OF GEORGIA.
### (568 SE2d 752)

RUFFIN, Judge.

The Lamar Company, LLC d/b/a Lamar Advertising Company ("Lamar") was a lessee of property the State sought to condemn pursuant to the exercise of eminent domain. The State reached a settlement with Lamar's lessor, which required it to break the lease with Lamar. Then, the State voluntarily dismissed the condemnation proceeding. Lamar challenged the dismissal, arguing that the State owed it just compensation for its leasehold interest in the property. In the alternative, Lamar sought payment of attorney fees for having to litigate the condemnation issue. The trial court denied Lamar's motion, and Lamar appealed.[1] For reasons that follow, we affirm in part and reverse in part.

The record shows that Lamar is an outdoor advertising company that leased space from the owners of 339 Northside Drive to erect a billboard on the property.[2] The lease provided, in pertinent part, that the owners "shall have no cancellation privileges on this contract for the first four (4) years or until January 1, 1996. After January 1, 1996, Lessor may cancel this agreement if the property is sold, developed or leased . . . by giving the Lessee ninety (90) days advanced written notice."

In April 2000, the State sought to condemn the property, and it named the owners and Lamar in the condemnation action. Following a hearing, a court-appointed special master awarded the owners $131,600 and Lamar $15,000. Both the owners and Lamar appealed the award to the Fulton County Superior Court. Before that court issued a ruling, the State reached a settlement agreement with the owners in which the owners agreed to sell the property to the State for $240,000. As part of the agreement, the owners specifically agreed to cancel Lamar's lease in accordance with the lease cancellation clause. After the settlement agreement was signed, the State voluntarily dismissed the condemnation proceeding.

Lamar challenged the dismissal, arguing that the State could not unilaterally dismiss the action without first compensating

---

[1] The State filed a motion to dismiss the appeal, which we hereby deny.

[2] The original lessee, National Advertising Company, assigned the lease to Lamar. For the sake of clarity, we refer only to Lamar.

Lamar. In the alternative, Lamar sought payment of its attorney fees pursuant to OCGA § 9-15-14 (b) for the expense it incurred in defending the condemnation action. The trial court denied Lamar's motion, and this appeal ensued.

1. "This Court diligently protects the sacred right of property owners to just and adequate compensation before private property is taken or damaged for public purposes."[3] This protection extends to leasehold interests.[4] It is axiomatic that, to recover for the taking of a leasehold, the lessee must, in fact, have such interest in the property.[5] Accordingly, if the lessee has waived its interest, it is not entitled to recover for compensation as a condemnee.[6]

Property rights are subject to contractual provisions in leases.[7] Here, the lease specifically provided that, if the property was sold, the owners could terminate the agreement by providing 90 days advance notice.[8] When the owners sold the property to the State, they terminated the lease pursuant to this clause. In so doing, the owners effectively extinguished Lamar's interest in the property. As Lamar no longer has a compensable interest in the property, the State is not required to treat Lamar as a condemnee.[9] It follows that the trial court did not err in permitting the State to dismiss the condemnation proceeding.[10]

2. Lamar also challenges the trial court's denial of its motion for attorney fees pursuant to OCGA § 9-15-14 (b). In denying Lamar's motion, the trial court clearly was troubled by the inherent unfairness of Lamar being "dragged" through condemnation proceedings — incurring the legal expenses associated therewith — only to have its interest in the property extinguished by the owners' sale of the property to the State. Nonetheless, the trial court declined to award fees, concluding that the State (1) had not acted in bad faith, and (2) had substantial justification for bringing the action. Evidently, the trial

---

[3] *McGregor v. Bd. of Regents &c. of Ga.*, 249 Ga. App. 612, 613 (548 SE2d 116) (2001).

[4] See id.

[5] See *State Bd. of Ed. v. Drury*, 263 Ga. 429, 431 (1) (437 SE2d 290) (1993); *Happoldt v. Monroe County*, 248 Ga. App. 175, 176 (546 SE2d 297) (2001).

[6] See *McGregor*, supra (condemnation clause in lease that waives right to compensation divests lessee of right to recover from condemnor). Compare *Simmerman v. Dept. of Transp.*, 167 Ga. App. 383, 384-387 (307 SE2d 4) (1983) (condemnation clause in lease provided lessee had a "right to receive a portion of such compensation"); *Dept. of Transp. v. Calfee Co. of Dalton*, 202 Ga. App. 299, 300-302 (1) (414 SE2d 268) (1991) (condemnation clause in lease limited lessees' claims against lessor, but did not preclude recovery against condemnor).

[7] See *McGregor*, supra.

[8] We note that Lamar did not argue that the owners improperly terminated the lease, but focused instead on the State's culpability.

[9] See id.

[10] See *Ga. R. & Power Co. v. Mooney*, 147 Ga. 212 (1) (93 SE 206) (1917) (where there has been no taking, condemnor may dismiss condemnation proceedings pending appeal).

court believed that an award of attorney fees was beyond its power. We disagree.

Pursuant to OCGA § 9-15-14 (b), a court has the power to assess attorney fees upon finding that a party brought or defended an action without substantial justification or unnecessarily expanded the proceeding. This Code section also permits an award of attorney fees based upon a finding that an "action, or any part thereof, was interposed for delay or harassment."

In assessing fees under OCGA § 9-15-14 (b), a court need not find that a party acted in bad faith. The statute requires only that the action lack "substantial justification," and "acting without substantial justification and acting in bad faith are not synonymous."[11] In addressing Lamar's request, the trial court arguably believed that bad faith was a prerequisite to the assessment of attorney fees. Thus, the trial court's ruling was possibly colored by a misunderstanding of the applicable standard.

Moreover, although the trial court concluded that the State was justified in *bringing* the action, it failed to address whether the State bore some responsibility for unnecessarily expanding the proceedings. As the Supreme Court recognized in *McKemie v. City of Griffin*,[12] "[a] governmental entity should invoke its power of eminent domain only for the legitimate purpose of actually accomplishing a public goal, and not as a means merely to establish the most cost effective method for doing so."[13]

In this case, as in *McKemie*, the State filed a condemnation petition which ultimately proved unnecessary, but which caused Lamar to incur expenses in preparing for the special master's award and instituting an appeal. After essentially forcing Lamar to spend money by filing the petition, the State opted to negotiate exclusively with the property owner, reaching an agreement that required the property owner to terminate Lamar's lease, thus extinguishing Lamar's interest in the property. The State then dismissed the petition. In so doing, the State likely was motivated by financial concerns, rather than a desire to foist unnecessary litigation expenses on Lamar. Nonetheless, a court faced with such tactics is authorized to conclude that the State's methods constituted a misuse of its eminent domain power, which unnecessarily expanded the proceedings without substantial justification.[14] Because the trial court's analysis does

---

[11] *Evans County Bd. of Commrs. v. Claxton Enterprise*, 255 Ga. App. 656, 658 (1) (566 SE2d 399) (2002).

[12] 272 Ga. 843 (537 SE2d 66) (2000).

[13] Id. at 844 (3).

[14] See id.

not reflect consideration of this basis for an award of attorney fees, we reverse and remand to the trial court to address this issue.[15]

*Judgment affirmed in part and reversed in part and remanded. Pope, P. J., and Barnes, J., concur.*

DECIDED JUNE 25, 2002 —
RECONSIDERATION DENIED JULY 16, 2002 — 

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling, Scott W. Peters,* for appellant.

*Thurbert E. Baker, Attorney General, Holland & Knight, Jason P. Wright, James M. Hunter, Mary L. Glassberg, Weiner, Yancey, Dempsey & Diggs, Beryl H. Weiner,* for appellee.

---

[15] See *Claxton Enterprise v. Evans County Bd. of Commrs.*, 249 Ga. App. 870, 877 (5) (549 SE2d 830) (2001).