**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY and SELF, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 9, 2018**

# In the Court of Appeals of Georgia

A17A1979. CEI SERVICES AS SUBROGEES OF GE FLEET
      SERVICES v. SOSEBEE.

DILLARD, Chief Judge.

CEI Services, as subrogees of GE Fleet Services ("CEI Services"), appeals from the trial court's grant of a protective order and award of attorney fees to Charles Sosebee. CEI Services argues that the trial court erred in (1) granting a protective order to Sosebee after he failed to engage in a good-faith conference and to submit a statement with the motion for protective order certifying that same had occurred, as required by Uniform Superior Court Rule 6.4 (b); and (2) awarding attorney fees under OCGA § 9-15-14 (b) on a post-judgment discovery dispute. For the reasons set forth *infra*, we affirm in part, vacate in part, and remand for further proceedings.

The record reflects that CEI Services brought a complaint for negligence against Sosebee in 2011 and eventually obtained a default judgment against him when he failed to file responsive pleadings. It is undisputed that Sosebee thereafter agreed to make payment to CEI Services in settlement. But a dispute later arose as to whether Sosebee had fully paid CEI Services. As a result, in 2016, CEI Services served notices for post-judgment discovery upon Sosebee. And in response, Sosebee filed a motion for protective order. Then, following a hearing and argument on Sosebee's motion, the trial court granted the motion and awarded attorney fees to him. This appeal follows.

1. CEI Services first argues that the trial court committed reversible error by granting Sosebee a protective order when he failed to engage in a good-faith conference or file a statement with his motion that such a conference had taken place. We disagree.

Uniform Superior Court Rule 6.4 (b) provides as follows:

Prior to filing a motion seeking resolution of a discovery dispute, counsel for the moving party shall confer with counsel for the opposing party and any objecting person or entity in a good faith effort to resolve the matters involved. At the time of filing the motion, counsel shall also file a statement certifying that such conference has occurred and that the effort to resolve by agreement the issues raised failed. This rule also

2

applies to motions to quash, motions for protective order and cases
where no discovery has been provided.

We have previously upheld the grant of a protective order in the absence of a good-faith conference or inclusion of the Rule 6.4 certificate when there has been substantial compliance with the rule.[1] Indeed, in *Board of Regents of Univ. Sys. of Ga. v. Ambati*, when there was no good-faith conference prior to the hearing or a certificate included with the motion, the trial court "recessed the hearing and ordered counsel to consult with each other," the court's order reflected that "the parties conferred on the motion prior to the hearing but were unable to reach a resolution," and the court "found that the discovery dispute could not be resolved amicably."[2] As a result, we concluded in *Ambati* that there was no clear abuse of discretion, and the violation of Rule 6.4 did not warrant reversal.[3]

---

[1] *See Bd. of Regents of Univ. Sys. of Ga. v. Ambati*, 299 Ga. App. 804, 811-12 (4) (a) (685 SE2d 719) (2009).

[2] *Id.* at 812 (4) (a).

[3] *Id.* at 811-12 (4) (a); *see also Potter v. Wal Computers*, 220 Ga. App. 437, 438 (1) (469 SE2d 691) (1996) (noting that not every violation of the Uniform Superior Court Rules constitutes reversible error because substantial compliance is acceptable under certain circumstances).

Here, although the trial court's order is silent on the issue, the transcript itself reflects that the hearing on the motion for protective order was originally scheduled for and conducted on September 6, 2016. And at the beginning of the hearing, the trial court inquired of the attorneys, "[D]id y'all get it worked out?" To which counsel responded, "No sir, we'll need a little bit of a hearing." Later, counsel for CEI Services informed the trial court of certain matters that he "tried to verify out in the hall" with opposing counsel so the parties and court "wouldn't have to take up time[.]" Shortly thereafter, the court informed the parties that he believed the best course of action would be to continue the hearing on a later date to allow them to see if they could "work this whole thing out." The court then instructed the parties to "see if y'all can figure out what the best thing to do to resolve [sic] this whole case."

The parties returned before the trial court to continue the hearing on the motion for protective order on October 4, 2016. At that time, the court reminded the parties that it had continued the hearing to allow them to "come to some sort of resolution[.]" The attorney for CEI Services then stated that his firm "did have conversations with [counsel for Sosebee, the moving party,] to try to resolve this case" and had offered to withdraw the demand for post-judgment discovery, but Sosebee's counsel "said he preferred to come to court and . . . believed [the court] would rule in his favor if he

4

did." Later, during questions posed by Sosebee's counsel to an attorney with the firm representing CEI Services, the two engaged in a discussion regarding a conversation that they had the day before concerning the amount Sosebee owed to CEI Services in settlement. There was some indication that Sosebee's counsel believed it was "too late" to fruitfully discuss the disagreement at that time. It became evident over the course of the hearing, however, that the crux of the disagreement between the parties was how much Sosebee continued to owe CEI Services, with Sosebee maintaining that he owed *nothing* because the judgment had been paid in full, and CEI Services claiming that Sosebee owed additional sums.

Under these particular circumstances, where substantial compliance is evident from the record, the violation of Uniform Superior Court Rule 6.4 (b) does not warrant reversal of the trial court's order.[4]

---

[4] *See Ambati*, 299 Ga. App. at 811-12 (4) (a) (holding that violation of USCR 6.4 (b) did not warrant reversal of order when court recessed hearing to allow counsel to confer and dispute could not be resolved amicably); *Potter*, 220 Ga. App. at 438 (1) (noting that not every violation of the Uniform Superior Court Rules constitutes reversible error because substantial compliance is acceptable under certain circumstances); *see also Gropper v. STO Corp.*, 276 Ga. App. 272, 277 (3) (623 SE2d 175) (2005) ("There is no requirement in USCR 6.4 that counsel for the movant make more than one attempt to resolve the . . . matter." (punctuation omitted)). *Cf. Fisher v. Bd. of Com'rs of Douglas Cnty.*, 200 Ga. App. 353, 354 (2) (c) (408 SE2d 120) (1991) ("[T]he requirement for a conference to attempt to resolve the issues raised applies more directly to the situation in which the parties disagree over what is

2. Next, CEI Services argues that the trial court erred in awarding attorney fees under OCGA § 9-15-14 (b) on a post-judgment discovery dispute.

It is well established that, as a general matter, "an award of attorney fees is not available unless supported by statute or contract."[5] And in that regard, we recently concluded that OCGA § 9-15-14 does not apply to post-judgment discovery.[6] Indeed, OCGA § 9-15-14 (e) provides that "[a]ttorney's fees and expenses under this Code section may be requested by motion at any time during the course of the action but not later than 45 days after the final disposition of the action." In doing so, we explained that "final disposition," as used in OCGA § 9-15-14 (e), was synonymous with "final judgment."[7] Thus, any position taken or conduct occurring in post-judgment discovery is "not asserted as a part of the underlying lawsuit, and such a position or other conduct cannot expand the underlying litigation."[8] Accordingly,

required by the discovery request or, for example, whether certain matters requested by discovery are privileged than to the total failure to respond to discovery.").

[5] *Padilla v. Padilla*, 282 Ga. 273, 274 (1) (646 SE2d 672) (2007); *accord Cason v. Cason*, 281 Ga. 296, 299 (3) (637 SE2d 716) (2006).

[6] *RL BB ACQ I-GA CVL, LLC v. Workman*, 341 Ga. App. 127, 135 (1) (798 SE2d 127) (2017) (physical precedent only).

[7] *Id.* at 135 (1).

[8] *Id.* at 134 (1).

6

we concluded that "[t]he plain language of OCGA § 9-15-14 makes clear . . . that the statute does not apply to post-judgment discovery."[9]

Here, in the motion for protective order, Sosebee requested that attorney fees be assessed against CEI Services for "the wrongful bringing of this discovery, and forcing [Sosebee] to respond," but did not cite to a specific statutory provision. And during the hearing on the motion, Sosebee's counsel informed the court that he had spent four hours working on and arguing the motion at a rate of $275 an hour for a total of $1,100. Then, at the hearing's conclusion, the trial court indicated that it would grant the motion and request for fees. The order granting the motion for protective order reflects that the court awarded "reasonable and necessary" attorney fees in the amount of $1,100 "in favor of [Sosebee] for the improper conduct of [CEI Service's] counsel in unnecessarily expanding these proceedings," and it specifically relied upon OCGA § 9-15-14 (b).[10]

---

[9] *Id.*

[10] *See* OCGA § 9-15-14 (b) ("The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party *unnecessarily expanded the proceeding* by other improper conduct, including, but not limited to, abuses of discovery procedures

7

Sosebee concedes that the award of attorney fees cannot be sustained under OCGA § 9-15-14 (b), but argues that fees were instead warranted by OCGA § 9-11-26 (c), which provides that "[OCGA § 9-11-37 (a) (4)] applies to the award of expenses incurred in relation to the motion [for protective order]." And OCGA § 9-11-37 (a) (4) (A) provides that, if a motion for protective order is granted,

> the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Because it is clear on the face of the trial court's order that the court assessed and awarded attorney fees under an inapplicable statute (OCGA § 9-15-14 (b)), we must vacate that portion of the trial court's order.[11] Nevertheless, because the trial

available under Chapter 11 of this title, the 'Georgia Civil Practice Act.' As used in this Code section, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious." (emphasis supplied)).

[11] *See Haney v. Camp*, 320 Ga. App. 111, 115 (2) (739 SE2d 399) (2013) (vacating and remanding for reconsideration when trial court applied an incorrect legal standard for analyzing the award of attorney fees). *Cf. Dallow v. Dallow*, 299 Ga. 762, 777-78 (5) (791 SE2d 20) (2016) (holding that reversal was not required

court was permitted to award attorney fees under OCGA § 9-11-37 (a) (4) (A), which directs that a court "*shall*"[12] require payment of reasonable expenses and attorney's fees *unless* the court "finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust," we remand to the trial court for reconsideration under that Code section.[13]

_____

when trial court erroneously cited to inapplicable Code section for award of fees but clearly meant to make award under another, applicable Code section).

[12] *See generally Lewis v. State*, 283 Ga. 191, 194 (2) (657 SE2d 854) (2008) ("This [C]ourt has held that, for the purposes of statutory construction, the word 'shall' is to be generally construed as a mandatory directive."); *O'Donnell v. Durham*, 275 Ga. 860, 861 (3) (572 SE2d 23) (2002) ("'Shall' is generally construed as a word of mandatory import.").

[13] *See Ambati*, 299 Ga. App. at 811 & n.18 (4) (a) (citing to OCGA § 9-11-37 (a) (4) (A) and OCGA § 9-11-26 (c) for the proposition that "[a]n award of fees is authorized by statute" when a motion for protective order has been granted); *Workman*, 341 Ga. App. at 138 (5) (physical precedent only) ("Th[e] language clearly contemplates that any award of expenses under OCGA § 9-11-37 (a) (4) (A) will be considered and decided at the time the trial court hears and decides the motion for a protective order. In other words, the statutory scheme does not appear to contemplate that a party will bring a separate 'sanctions' motion to recover its costs and fees at some indeterminate point in time after that party prevails on a discovery motion."); *see also Mansell 400 Assoc., L.P. v. Entex Info. Servs., Inc.*, 239 Ga. App. 477, 480-81 (5) (519 SE2d 46) (1999) (vacating award of fees and remanding for reconsideration under OCGA § 9-11-37 (a) (4) (C), which provides that "[i]f the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner").

For all these reasons, we affirm the judgment in part, vacate in part, and remand for further proceedings consistent with this opinion.

*Judgment affirmed in part, vacated in part, and case remanded for further proceedings. Ray and Self, JJ., concur.*